[No. 3,705 ]

# G. N. PENNYBECKER *v.* JAMES McDOUGAL AND DANIEL McDOUGAL.

REPLEVIN FOR CROPS—The true owner cannot maintain replevin for crops raised on his land by others who are holding the possession of the land adversely to him.

APPEAL from the District Court, Tenth Judicial District, Colusa County.

The plaintiff had judgment and the defendants appealed. The other facts are stated in the opinion.

*W. C. Belcher* and *N. E. Whitesides*, for Appellants, cited *Page* v. *Fowler*, 39 Cal. 416; *Stockwell* v. *Phelps*, 34 N. Y. 363; *Honies* v. *Seely*, 19 Wend. 507, 509, and cases cited; *Dewey* v. *Osborn*, 4 Cow. 329, 338; *Demott* v. *Hagerman*, 8 id. 220.

*S. T. Kirk*, for Respondent.


By the COURT:

In July, 1871, the plaintiff entered at the proper United States Land Office a quarter section of Government land, and obtained a certificate of purchase therefor.    On the 1st day of June, 1872, a patent was issued for the quarter section, but it was not received by the plaintiff until the eighteenth day of July following.    When the plaintiff filed his declaratory statement, and thence continuously up to the commencement of this action, the defendants were in possession of about thirty acres of the plaintiff's quarter section, having the same inclosed with other land by a good substantial fence.    In August, 1871, after the plaintiff had proved up and paid for his land, he notified the defendants. that he had paid for it and received a certificate of purchase therefor, and that he wished them to move off their fence.

And again, in the following November, when the defendants were upon the thirty acres for the purpose of putting in a crop, he went to them and forbid their putting in a crop, telling them that he had bought the land and wished to put in a crop there himself.    Nevertheless the defendants refused to surrender the land, but put in a crop of barley and wheat, which they harvested on the 16th and 17th days of June, 1872, and moved off upon other lands belonging to them.    This action is replevin to recover the barley and wheat thus raised.

It is clear that the action will not lie.    The case shows

beyond controversy that the defendants were holding the possession of the land adversely to the plaintiff. This they might do without color or claim of title in themselves. In such case it is well settled that the annual crops, *fructus industriales*, cannot be recovered by an action of replevin. The remedy of the owner, if he has any, is ejectment and trespass for mesne profits.

Judgment and order reversed and cause remanded.