[No. 9670. Department One.—August, 1, 1885.]

W. T. SMITH ET AL., RESPONDENTS, v. THOMAS CUNNINGHAM, APPELLANT.

ATTACHMENT—CROPS GROWN BY ADVERSE POSSESSOR.—Crops grown upon land by a person in the actual, exclusive, and adverse possession thereof, cannot be attached as the property of the legal owner of the land.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion.

*W. L. Dudley,* for Appellant.

*George E. McStay,* and *Mich. Mullany,* for Respondents.

SEARLS, C.—This action was brought to recover a quantity of hay or its value.

Plaintiffs had judgment.

Defendant moved for a new trial, which was refused, and the cause comes up on appeal from the judgment and order denying the motion for a new trial.

In October, 1882, plaintiff Mary V. Smith entered upon the northwest quarter of section 17, township 3 north, range 9 east, M. D. M., in good faith as a pre-emption claimant, claiming the right to pre-empt the same under the laws of the United States, and has ever since occupied and cultivated and has been continuously in the actual and exclusive possession of said land in good faith as such pre-emption claimant, holding the same adversely to all other persons.

While thus in the actual, exclusive, and adverse possession of the land, she and her tenant W. F. Smith plowed the land, and

sowed it in wheat, which they cut and made into the hay which the defendant, as the sheriff of San Joaquin County, levied upon under a writ of attachment duly issued, etc., against the property of J. Wright Johnson.

At the date of the entry of Mary V. Smith upon the land in question, said J. Wright Johnson was and still is the holder of the legal title to said land.

J. Wright Johnson, though the legal owner of the land in question, could not have maintained an action to recover the hay. Plaintiffs were in the possession of such land, holding the same adversely to said Johnson; had cultivated, planted, raised, and harvested the crop while so holding adversely.

In such case it is settled an action of replevin will not lie. Such action cannot be made the vehicle for testing the title. (*Pennybecker* v. *McDougal,* 46 Cal. 661; *Martin* v. *Thompson,* 62 Cal. 618.)

Having no such title to the hay as would support an action for its recovery, it was not subject to seizure by the sheriff as Johnson's property, at the suit of his creditor.

This view of the case was taken by the court below, and rendered it unimportant to determine as to the validity of the writ of attachment under which the defendant as sheriff levied upon the property. If regular it could not justify him in taking plaintiff's property, and if irregular he was in no worse position.

The errors assigned upon the action of the court in the admission of testimony so far as supported by the record are without merit.

We find no error in the record and the judgment should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment is affirmed.