[No. 11124. In Bank. — October 23, 1888.]

MARCO VULICEVICH, APPELLANT, v. HENRY SKINNER, RESPONDENT.

SALE OF GROWING CROP — STATUTE OF FRAUDS. — Contracts for the sale of growing periodical crops are not within the statute of frauds, and need not be in writing.

INSTRUCTION — CHARGE AS TO MATTER OF FACT. — An instruction, virtually assuming the testimony of a party to a material fact to be true, charges the jury with respect to a matter of fact, and is erroneous.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.

The facts are stated in the opinion.

*Charles B. Younger,* for Appellant.

*John Flournoy,* and *Goldsby & Jeter,* for Respondent.

FOOTE, C.—This action was brought to recover the sum of six hundred dollars, for money claimed by the plaintiff to have been received by the defendant for the former's use.

The answer admits the reception of the money, but denies that it was received by the defendant for the plaintiff's use. It sets up a claim that the plaintiff bought defendant's entire crop of fruit for the year 1882, for the sum of three thousand dollars, and that the sum of six hundred dollars sued for in the action by the plaintiff was in reality paid to the defendant as part of the purchase-money for the crop of fruit; and further, it states that after this purchase by the plaintiff he refused to receive any part of the crop of fruit, and that the defendant has thereby suffered damage in the sum of nine hundred dollars.

The cause was tried by a jury, who returned a verdict in favor of the defendant for six hundred dollars. From the judgment rendered thereon, and an order refusing a new trial, the plaintiff appeals.

He makes the point that the crop of fruit growing upon the trees and vines was real property, and that the alleged contract of sale was void under the statute of frauds, as not being in writing, and that the court wrongfully charged the jury upon the matter.

We cannot concur with this view. "Contracts for the sale of growing periodical crops—*fructus industriales*—are not within the statute of frauds, and therefore need not be made in writing. After some vacillation, this has become the settled doctrine." (*Marshall* v. *Ferguson,* 23 Cal. 65; *Davis* v. *McFarlane,* 37 Cal. 636; 99 Am. Dec. 340.)

It is further argued in favor of the reversal of the

judgment that the court in its charge to the jury said, in its third instruction: "My understanding was that that completed the contract."

The record shows that the court had just stated the materiality of the defendant's claim in evidence, that the six hundred dollars was paid him as a part of the purchase price for the fruit. The instruction virtually assumes this statement of the defendant to be true as a matter of fact, and informs the jury that the payment referred to completed the contract. This instruction to the jury charged them with respect to a matter of fact, and was erroneous.

We therefore advise that the judgment and order be reversed, and the cause remanded for a new trial.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.