[No. 13380.   Department Two. — February 14, 1890.]

ANNA EMERSON, ADMINISTRATRIX, ETC., RESPONDENT, v. ANDREW WHITAKER ET AL., APPELLANTS.

<div style="float:right">83   147<br>105   422</div>

REPLEVIN — CROPS HARVESTED BY CLAIMANT IN POSSESSION OF LAND — INVALID PROBATE SALE — ESTATES OF DECEDENTS. — The action of replevin, or claim and delivery, will not lie in favor of the personal representative of a decedent, to recover wheat sown and harvested by the defendant upon lands to which the defendant claimed title, and of which he had the actual adverse and exclusive possession, though claiming title under an invalid probate sale and conveyance of the premises which has been set aside as null and void.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

*S. C. Denson,* and *C. H. Oatman,* for Appellants.

*J. C. Campbell,* and *Louttit, Wood & Levinsky,* for Respondent.

SHARPSTEIN, J.— This is an action of claim and delivery, brought by the plaintiff, as the administratrix of the estate of H. G. Emerson, deceased, against the defendants, partners, doing business under the firm name of Whitaker & Ray, for the recovery of the possession of 945 sacks of wheat. The court finds, among other things, that on the twenty-seventh day of December, 1886, the plaintiff, as such administratrix as aforesaid, executed and delivered to the defendants a deed purporting to convey to said defendants the premises upon which the said wheat was grown, and that "shortly after obtaining such deed the said Whitaker & Ray, believing that such purchase was valid, and that they had thereby become the owners of said land, and with the full knowledge and consent of said administratrix, went into possession of said land, and, at their own expense, plowed, sowed, and planted the same in wheat, and harvested and sacked said wheat. The said crop amounted to 945 sacks of good grain, which are of the value of $1,701.83, and —— sacks of screenings, which were sold by them for $17.10, which was the reasonable value thereof."

The court further finds that on the fifteenth day of October, 1887, the said sale and conveyance of plaintiff to defendants was by the court which made the orders for such sale and the confirmation thereof set aside and declared null and void. The case is simply this: The defendants raised, harvested, thrashed, and removed the wheat in controversy from the land in which they were in the actual possession, claiming title thereto under an invalid conveyance from the plaintiff, i. e., under cover of title.

In *Martin* v. *Thompson,* 62 Cal. 618, 45 Am. Rep. 663, this court said: "The action is brought to recover the

possession, or the value thereof, of certain grain sown and harvested by the defendant upon lands to which he claimed title, and of which he had the actual adverse and exclusive possession. The action cannot be maintained."

That we understand to have been the well-established doctrine before that case arose. Under that doctrine the defendants are entitled to a judgment in their favor, upon the findings.

Judgment reversed, and cause remanded, with direction to the court below to enter judgment for the defendants, upon the findings.

THORNTON, J., and McFARLAND, J., concurred.