[No. 14277.   In Bank. — April 2, 1892.]

## ANDREW GLASSELL, APPELLANT, *v.* NICHOLAS D. COLEMAN ET AL., RESPONDENTS.

VENDOR AND PURCHASER — ACTION UPON GUARANTY — PLEADING — FORMER CANCELED AGREEMENT — CONSIDERATION OF CONTRACT GUARANTEED. — In an action by the vendor of land against the guarantors of the purchaser on acccount of a breach of his contract to purchase the land, allegations in the complaint in reference to a former canceled agreement of purchase cannot be considered upon demurrer for the purpose of determining whether the plaintiff has a cause of action against the guarantors arising out of the breach of a later agreement, in respect to which alone the guaranty was made, although it is alleged that the later agreement was executed as a substitute for the former agreement, and although the cancellation of the former agreement was upon the consideration that the later agreement should be executed.

ID. — OBLIGATION FOR PURCHASE-MONEY — LIABILITY OF GUARANTORS. — Sureties who guarantee the payment of a note or obligation given by a purchaser of land on account of purchase-money are bound only by the obligations they have expressly assumed. Their liability is limited by the terms of the guaranty, and cannot, in any contingency, exceed the liability of the purchaser upon the contract guaranteed.

ID. — RESCISSION OF CONTRACT — FORFEITURE — TERMINATION OF PURCHASER'S OBLIGATION — ACTION FOR BREACH. — Where a vendor, under a contract for the sale of land, elects to rescind the contract, upon a breach thereof by the purchaser, by claiming a forfeiture of all his rights under the contract, pursuant to its terms, which provide for such forfeiture, the contract ceases to be a subsisting or enforceable obligation against the purchaser; and his liability upon the agreement to pay the purchase price ceases with the vendor's rescission of the right to receive the land upon such payment, and the vendor has no right of action whatever on the contract, but simply a right of action for damages for the breach thereof, which necessarily implies that the contract has been terminated.

ID. — NOTE FOR INSTALLMENTS OF PURCHASE-MONEY — FAILURE OF CONSIDERATION. — It is immaterial to the effect of a rescission in extinguishing the agreement of the purchaser to pay the purchase price whether his obligation for the purchase-money is expressed in the contract of sale or in a promissory note executed contemporaneously therewith, where each instrument was executed as a part of the same transaction; and the note is, by its terms, only an additional evidence of an obligation to pay certain installments of the purchase-money, and given as additional security therefor. A forfeiture of the right to the land works an entire failure of the consideration for the promise to pay for the land, irrespective of the instrument in which the promise is contained.

ID. — TERMINATION OF LIABILITY OF GUARANTORS — CONDITIONS OF GUARANTY — RIGHT TO RESORT TO NOTE — CONSIDERATION. — Where neither the contract for the purchase of the land nor the note executed by the vendee as an additional evidence of the obligation to pay the installments imposed upon the purchaser any other obligation than to pay the purchase-money for the land, an agreement by the guarantors of the note, by the terms of which they "guaranteed the payment of this note according to its terms and conditions," but limited their liability to the condition that upon a rescission of the contract of purchase and the forfeiture of the purchaser's rights under the contract, the vendor should have the "right to resort to this note," and to them as guarantors thereof, renders them liable only upon a right of the vendor resting upon the consideration for which the note was given, and upon a rescission of the contract by the vendor, causing a failure of that consideration, and terminating the liability of the purchaser upon the note, the liability of the guarantors upon the guaranty also ceased at the same time.

ID. — NOTICE OF ELECTION TO CONSIDER INSTALLMENT NOTE DUE — EFFECT UPON LIABILITY OF GUARANTORS. — A notice by the vendor to the purchaser, given after notice of his election to rescind the contract of purchase, that he elected to consider the whole of the principal sums

named in the installment note as immediately due and payable, could
have no other effect than to hasten the maturity of the installments
provided for, and could not affect the liability of the guarantors upon
the note, which terminated with the liability of the purchaser thereon,
upon the maturity of the forfeiture.

APPEAL from a judgment of the Superior Court of Los
Angeles County.

·The facts are stated in the opinion of the court.

*Smith, Winder & Smith,* for Appellant.

*James G. Garrison, Albert M. Stephens, Gibbon & Creigh-
ton,* and *Frank W. Burnett,* for Respondents.

HARRISON, J. — The plaintiff and the defendant Wil-
son entered into an agreement, bearing date September
1, 1888, by which the plaintiff agreed to sell and Wilson
to purchase a tract of land in Los Angeles County for
the sum of one hundred and eighty-two thousand dol-
lars, payable in installments, of which the second, of
fifty thousand dollars, was to be paid on or before ten
years from the date of the agreement, and the third, of
one hundred and twenty-five thousand dollars, on or
before fifteen years from said date. Said installments
were to bear interest at the rate of six per cent per
annum, payable yearly; but it was provided that of said
interest Wilson need pay only one thousand dollars for
the first year, and only three thousand dollars for each
of the second and third years. Other provisions not
necessary to be mentioned here were made in the con-
tract in reference to the payment by Wilson of interest
and taxes, and for the expenditure by him of money
in improving the land, and its subdivision and sale
in parcels. The agreement provided that a writing,
"somewhat in the form of a promissory note," should
be executed by Wilson, "expressing the terms of the
obligation as to the payment of the second and third
installments," separate from and in addition to the con-
tract, as "an additional evidence" of such obligation;

and in pursuance of this clause, Wilson executed to the plaintiff the following instrument:—

"LOS ANGELES, CAL., September 1, 1888.

"This obligation witnesseth as follows: On or before ten (10) years after this date, for value received, I promise to pay to Andrew Glassell of this city, or order, at this city, the principal sum of fifty thousand ($50,000) dollars; and also on or before fifteen years after this date, for value received, I promise to pay to said Glassell, or order, at said city, the further principal sum of one hundred and twenty-five thousand ($125,000) dollars, with interest on both sums from date until paid, at the rate of six per cent (6 per cent) per annum; interest to be paid yearly, except as hereby modified, to wit, for the first year, only one thousand ($1,000) dollars of the accruing interest on said two sums shall be required to be paid within that year [other provisions relating to the payment of interest omitted]. If default be made at any time for the space of six months in the payment of the interest as herein provided, the whole principal sums shall thereupon become due, at the option of Glassell. This note is given as an additional security for the payment of the second and third installments of purchase price, payable as per contract between the parties hereto of the same date herewith for sale, etc., of land in Los Angeles County, California, and any and all payments made by said Wilson to said Glassell on said second and third installments, as required by said contract, shall be considered for all intents and purposes as credits upon this obligation."

At the same time the respondents herein executed to the plaintiff their obligation, written upon the same sheet of paper, and immediately after the above obligation of Wilson, as follows, to wit:—

"For value received, the undersigned jointly and severally guarantee the payment of this note according to its terms and conditions, but only to the extent of the sum of twenty-five thousand ($25,000) dollars, and interest on said twenty-five thousand ($25,000) dollars at the

rate of six per cent (6 per cent) per year from the date of this note, or from the date of the last payment of the accrued interest on this note, if any such payments of interest shall be made; the payments of said twenty-five thousand ($25,000) dollars, and interest thereon, however, to be made only in the event that the within-mentioned Glassell shall have the right to resort to this note and these guarantors by reason of the failure of the within-mentioned H. T. D. Wilson to comply with his obligation, as expressed in the contract, for the purchase and sale of land between him and said Glassell, of even date with this note, and therein referred to, and of the forfeiture consequent upon such failure."

The agreement between the plaintiff and Wilson provided that the plaintiff should convey the land to Wilson upon his payment of the entire purchase price of the whole tract, and performance of the other obligations assumed by him, and contained also the following clause: "It is further agreed that time is of the essence of this contract, and in the event of a failure to comply with the terms hereof by the said party of the second part, the party of the first part shall be released from all obligations in law or equity to convey said property, and said party of the second part shall forfeit all right thereto, and to all moneys, promissory notes, or other considerations therefor, paid or delivered to said first party under this contract, . . . . and said first party shall especially have the right to retain and own . . . . the above-mentioned written money obligation of the said second party to the said first party for the payment of the principal and interest of said second and third installments referred to in the contract, and designated second and third installment note, together with the right to enforce the collection thereof as against said Wilson and the guarantors on said note, but only to the extent as expressed in the guaranty indorsed on said note."

The plaintiff and the defendants herein had made an agreement in September, 1887, for the purchase and sale

of the said tract of land at a much higher price, but owing to the collapse of the " boom " during that year, the vendees thereunder were desirous of being released from its obligations, and as the result of negotiation therefor between them and the plaintiff, he executed to them a full release and discharge therefrom; and at the same time, in consideration thereof, the foregoing instruments were executed by the defendants as a substitute for the agreement of 1887.

Wilson failed to make the expenditures agreed by him, or to pay the taxes on the land, or any of the interest provided by the installment note, and the plaintiff, on the 10th of September, 1889, and again, January 20, 1890, gave him a written notice in the following terms: " I have elected and do elect to claim and insist, and do hereby claim and insist, on the absolute forfeiture of all your interests, claims, and rights mentioned in or provided for in said contract, and you are especially notified that I now claim to be released from all obligations in law or equity to convey the real property mentioned in said contract, and that I claim that you have forfeited all right thereto, and to all moneys, promissory notes, and considerations therefor or for said contract paid or delivered to me under or pursuant to said contract, and that I retain and have and claim absolutely all the rights, property, and privileges provided for in said contract for my benefit in the event of your complete forfeiture therein provided for."

The plaintiff also, " upon the expiration of six months from and after the said September 1, 1889," notified Wilson that he chose and elected to consider the whole of the principal sums named in the installment note as immediately due and payable. It is also alleged in the complaint that by reason of the failure of Wilson to comply with his obligations, as expressed in said agreement, the plaintiff has been damaged to the extent of fifty thousand dollars, and that he notified the respondents of such failure, and has demanded of them the payment of twenty-five thousand dollars, for which he prays

judgment against all of the defendants. The respond-
ents herein (the defendants other than Wilson) demurred
to the complaint for its insufficiency, upon the ground
that it stated no cause of action against them, and the
court having sustained their demurrer, judgment was
entered dismissing the action, from which plaintiff has
appealed.

1. The allegations in the complaint in reference to
the agreement of September, 1887, cannot be considered
for the purpose of determining whether the plaintiff
has any cause of action against the respondents arising
out of the breach of the agreement of September, 1888.
It is alleged in the complaint that the agreement of 1887
was canceled, and that those of 1888 were executed as a
substitute for it. Even if its cancellation was upon the
consideration that the others should be executed, the
parties to the latter are bound only by the obligations
which they have therein assumed.

2. The liability of the respondents is limited by the
terms of their guaranty. Being only guarantors for Wil-
son, their liability can under no contingency be greater
than his, or greater in extent than that which they have
themselves assumed. Unless he is liable upon the con-
tract which they have guaranteed, they cannot be held
liable thereon, nor are they liable upon any contract or
obligation which he may be under to the plaintiff that is
not within the terms of their guaranty.

3. Upon the election by the plaintiff to rescind the
contract by claiming a forfeiture by Wilson of all his
rights under the contract, the contract itself and each of
its provisions or terms ceased to be a subsisting or en-
forceable obligation against Wilson. The only right of
action against him then remaining to the plaintiff was
for damages for his breach of the contract. The plain-
tiff could not have a right of action on the contract, and
at the same time one for its breach. An action for
damages for the breach of a contract necessarily implies
that the contract has been terminated.

Wilson's liability to the plaintiff upon his agreement to pay the purchase price for the land ceased with the plaintiff's rescission of his right to receive the land upon such payment. Whether his obligation for such purchase-money was expressed in the contract of sale, or in the promissory note executed contemporaneously therewith, is immaterial. Each instrument was executed as a part of the same transaction, and the forfeiture of his right to the land wrought an entire failure of the consideration for his promise to pay for the land, irrespective of the instrument in which the promise was contained. The writing, "somewhat in the form of a promissory note," which the contract provided should be executed by Wilson to the plaintiff was by the terms of the contract to be only an "additional evidence of the obligation" to pay the second and third installments; and the installment note itself purports in terms to be given only "as additional security for the payment" of those installments.

4. By the terms of their agreement, the respondents "guaranteed the payment *of this note* according to its terms and conditions," to the extent of twenty-five thousand dollars, but limited this liability to the condition that the plaintiff should have "the right to resort to this note," and to them by reason of the failure of Wilson to comply with his obligations as expressed in the contract "referred to in the note," and of the forfeiture consequent upon such failure. The only provision in the contract relating to the right of the plaintiff to "resort to this note" is the one which provides that, upon a rescission of the contract of purchase and the forfeiture of all Wilson's rights under the contract, the plaintiff may "retain and own" the note, and also "the right to enforce the collection thereof as against said Wilson and the guarantors on said note"; but only to the extent as expressed in the guaranty. Neither by this provision in the contract, nor by the installment note itself, was there imposed upon Wilson any other obligation than to pay

the purchase-money for the land therein named; and the plaintiff's "right to enforce the collection thereof" terminated with Wilson's obligation to pay such purchase-money. "The right to enforce its collection" was only a right correlative to the obligation to pay it, and did not create a right to collect from Wilson any liability other than that which rested upon the consideration for which the note was given. The plaintiff had no right of action *on the note* for any damages sustained from Wilson's breach of his agreement to purchase. Wilson's liability for such damages, as we have seen, was independent of and inconsistent with any liability on the note.

The obligation of the respondents, being subsidiary to that of Wilson, and being limited to such portion of his liability on the note as they had guaranteed, it follows that upon the termination of his liability thereon by virtue of the forfeiture claimed by the plaintiff, all liabi ity of the respondents to the plaintiff ceased at the same time. The plaintiff's right of action against Wilson for damages arising from the breach of the contract of purchase is entirely independent of his right of action on the note, and as the respondents have not guaranteed any liability of Wilson for such damages, the plaintiff has shown no right of action against them.

5. The notice by the plaintiff to Wilson, after his notice that he elected to rescind the contract, that he elected to consider the whole of the principal sums named in the installment note as immediately due and payable, had no other effect than to hasten the maturity of the installments therein provided for, and did not affect the liability of the respondents. Upon the maturity of the forfeiture at the expiration of the six months' grace allowed by the contract after such notice, their liability upon the note terminated with the liability of Wilson thereon.

We are of the opinion that the complaint fails to state a cause of action against the respondents, and that the court below correctly sustained their demurrer.

The judgment is affirmed.

McFARLAND, J., DE HAVEN, J., SHARPSTEIN, J., PATERSON, J., and GAROUTTE, J., concurred.

Rehearing denied.