### W. H. BRAY v. W. E. CARTER et al.

*Agricultural Lien—Husband and Wife— Crops Made by Husband on Wife's Land Not Subject to Mortgage by Husband Without His Wife's Knowledge or Consent.*

Where a wife has not leased her land to her husband, or given him any proprietary use or interest therein, a chattel mortgage conveying the crops grown on such land, given by the husband without the knowledge or consent of the wife, for supplies furnished the husband in cultivating the crops, gives the mortgagee no right to recover such crops.

This was a CIVIL ACTION tried at Spring Term, 1894, of CURRITUCK Superior Court, before *Armfield, J.,* and a jury. Plaintiff began an action of claim and delivery before a Justice of the Peace for Currituck, to recover a lot of corn. He claimed possession of the corn under a chattel mortgage executed by the husband alone.

BRAY v. CARTER.

The following issues were submitted to the jury:

" 1. Is the plaintiff the owner and entitled to the possession of the corn described in the complaint?

" 2. What is the value of said corn? "

Plaintiff introduced the mortgage and the note secured by the same.

P. N. Bray, one of the plaintiffs, testified that the mortgage covered the corn in controversy; that only $10.50 of the debt had been paid, and there was a balance due of $____ ; that he had demanded the corn of the defendant, and he had failed and refused to deliver; that the usual rent was one-third for corn to the landlord.

On cross-examination witness said that the land on which the corn was raised belonged to Mrs. W. A. Carter, wife of W. E. Carter; that W. E. Carter lived on the land in 1892, and cultivated said land.  On redirect he said that the debt was for supplies furnished W. E. Carter in cultivating the crop; that there were about twenty barrels of corn, worth $2 per barrel.  Plaintiff rested.

W. E. Carter, the defendant, the husband of W. A. Carter, testified that he did not lease the land of his wife, the defendant W. A. Carter; there was no contract between them.  The farm was worked by hired men; he superintended, but did not work at all.

Plaintiff then asked witness:

" What was the rental value of the farm for the year 1892? "  Defendant objected.  Objection sustained.  Plaintiff excepted.

Cross-examined, witness said: " My wife wanted me to cultivate the farm and I cultivated it, as stated.  The farm was one hundred acres cleared."  Defendant closed.

Plaintiff introduced Richard Mansfield, who said: " In 1892 I saw W. E. Carter plowing in the crop several times. He did not work as a regular hand."

115—2.

The defendant moved for judgment upon the whole evidence. The Court refused this motion, and charged the jury that, upon the whole evidence, the plaintiff was entitled to recover two-thirds of the corn, and they should ascertain its value and render judgment accordingly. There was a verdict in accordance with the charge of his Honor, and from the judgment thereon defendant appealed.

*Messrs. Grandy & Aydlett,* for plaintiff.
*Mr. W. J. Griffin,* for defendants (appellants).

Shepherd, C. J.: This is an action in the nature of replevin to recover a crop of corn cultivated on the land of the *feme* defendant. The plaintiff claims under a chattel mortgage executed by her husband, but there is no evidence tending to show that she knew of or assented to the execution of the said mortgage, or that she had leased her land to her husband, or had given him any proprietary use or interest in the same. The case is, therefore, clearly within the principles laid down in *Wells* v. *Batts,* 112 N. C., 283, and *Branch* v. *Ward,* 114 N. C., 148, and it was error in holding that the plaintiff was entitled to recover any part of the crop.

New trial.