### Illinois Central Railroad Company v. Adam Steams.

1. FORFEITURES—*Contracts for the Sale of Land—Right to Recover Unpaid Purchase Money.*—After a contract for the sale of land is declared forfeited by the vendor for default in payment of the purchase price of the same pursuant to the provisions of the contract, an action will not lie on behalf of the vendor to recover the unpaid purchase money.

2. SAME—*How Proved.*—A forfeiture may be proved by a notice from the vendor to the vendee, that he will require a strict performance at the time fixed.

Assumpsit, for unpaid installments on a contract for the sale of land. Error to the Circuit Court of Jackson County; the Hon. OLIVER A. HARKER, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed June 1, 1895.

WILLIAM H. GREEN, attorney for plaintiff in error.

HILL & MARTIN, attorneys for defendant in error.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This was an action in assumpsit by plaintiff in error, to recover from defendant in error certain unpaid installments of purchase money and interest, provided to be paid by the provisions of a contract between the parties, entered into December 13, 1879, for the purchase by defendant in error of a forty acre tract of land of plaintiff in error. The installments averred to be due and unpaid, and to recover which this suit was brought, are $80 principal and $8 interest, falling due December 13, 1880; $80 principal and $4 interest falling due December 13, 1881, and $80 principal falling due December 13, 1882. The following averment is also made in said declaration:

"And plaintiff avers that it was provided in said contract that in case the said defendant should fail to make the payments aforesaid, or any of them, punctually, and upon the strict terms and times above limited, and likewise to perform and complete all and each of his agreements and stipulations aforesaid strictly and literally, without any failure or default, the times of payment being of the essence of said contract, then the said plaintiff should have the right to declare said contract null and void, and all rights and interest thereby created or then existing in favor of said defendant, or derived under said contract, should utterly cease and determine, and the promises thereby contracted should revert to and revest in said plaintiff (without any declaration of forfeiture, or act of re-entry, or without any other act by said plaintiff to be performed, and without any right of said defendant or reclamation, or compensation for moneys paid or improvements made) as absolutely, fully and perfectly as if said contract had never been made."

Defendant pleaded in his defense this plea in bar:

"And for a special plea in this behalf as to the said declaration herein filed this day, defendant says the plaintiff

should not have its action aforesaid, because, he says, according to the terms of the said contract in said declaration mentioned, the plaintiff had the right to declare the contract forfeited upon failure of defendant as to the payments of the amounts in said count and contract mentioned and set forth, which payments were, by said contract, made of the essence thereof. And defendant avers that he did make default in payment of $80, due December 13, 1880, and subsequent payments; that on, to wit, the first day of January, 1886, plaintiff notified defendant that if the amounts so due plaintiff were not paid by the 25th day of March, A. D. 1886, the plaintiff would proceed to cancel such contract, and resume possession of the premises in said count described, and all improvements, etc., in accordance with the terms of their said contract, which notice is as follows :

'Illinois Central Railroad Co.

Chicago, 1st January, 1886.

Notice to all persons interested :

All persons who shall not have paid, on or before 25th of March, 1886, the amounts due from them up to 31st December, 1885, on the purchase of lands from the Illinois Central R. R. Co., are hereby notified that on said 25th March, 1886, the company will at once proceed to cancel all contracts in respect of which said amounts are due, and resume possession of the land and all improvements thereon, according to the terms of the contract; further indulgence can not be given.

P. Daggy, Land Commissioner.

Approved. J. C. Clark, President.'

And defendant avers that he did not pay the sums in plaintiff's declaration mentioned and contained in the contract, by the said 25th day of March, 1886, but in accordance with the said notice, defendant esteemed and considered said contract forfeited after said date, which this defendant is ready to verify; therefore he prays judgment, etc."

To this plea, plaintiff interposed a general demurrer, which the court overruled, and plaintiff, electing to abide by

its demurrer, the court entered judgment against it for costs. It was averred also in the declaration, defendant paid an advanced cash payment of $92 and one year's interest at six per cent on the residue, but it is not averred defendant ever had entered into the possession of said premises.

The notice set up in the plea, given by the letter of plaintiff, dated January 1, 1886, that if the amounts due upon the contracts were not paid on or before March 25, 1886, it would "at once proceed to cancel all contracts in respect of which said amounts are due, and resume possession of the land and all improvements thereon, according to the terms of the contract—further indulgence can not be given," was evidence of the termination of the contract by plaintiff, on March 25, 1886, if the payments were then unpaid; and that it had availed itself of the right of forfeiture, and thereby canceled the contract, retaining the advanced payment which had been made. In Chrisman v. Miller, 21 Ill. 227, the following notice was given : "If you do not pay up on or before March 1st, next, we shall declare same forfeited and the land be for sale;" and in the opinion it is said : If suit had been brought after the time specified on the covenants to pay the money, the letter itself would have been sufficient to establish the defense that the right of forfeiture had been availed of and the contract thereby destroyed; that the letter was more than a mere threat. Its manifest object was to fix a time at the expiration of which the non-payment itself should terminate the contract. In Steele v. Biggs, 22 Ill. 643, it is held a forfeiture may be provided by a reasonable notice of the intention to do so, if a strict performance is not made. See also Cunningham v. I. C. R. R. Co. et al., 77 Ill. 180, and authorities there cited.

We are of opinion, therefore, that the plea presented a full defense, and the demurrer thereto was properly overruled. The judgment is affirmed.