[Civ. No. 2685. Third Appellate District.—November 17, 1923.]

# HAIG DISHIAN, Appellant, v. DICK KISHISHIAN, Respondent.

[1] VENDOR AND VENDEE—FORFEITURE OF VENDEE'S RIGHTS—COLLECTION OF DEFERRED PAYMENTS—PROMISSORY NOTE.—Where a contract for the sale of real property makes time of the essence and provides that upon failure of the vendee to perform any of the terms and conditions thereof then the vendor may, at his option, declare the agreement to be at an end and to be null and void, and that all payments theretofore made by the vendee shall be retained by the vendor as further consideration for the execution of the agreement and as compensation to the vendor for the occupancy of the property, and the vendor, by reason of a default upon the part of the vendee, has declared the vendee's rights in the premises forfeited, the vendor may not enforce payment of a promissory note thereafter maturing, although such note was given

---

1. Right of vendor to unpaid installments of the purchase price where the contract has terminated or been rescinded for default of vendee, note, L. R. A. 1916C, 893.

at the time of the execution of the original agreement for one of the deferred payments.

[2] ID.—INNOCENT HOLDER OF NOTE—REASSIGNMENT TO VENDOR—ENFORCEMENT OF PAYMENT.—While such note could have been enforced by an innocent holder for value before maturity, the fact that it was transferred by the vendor to an innocent holder for value before maturity and that after maturity it was retransferred to the vendor did not give the latter the right to enforce payment, where he had declared the vendee's rights in the premises forfeited prior to the maturity of the note.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge. Affirmed.

The facts are stated in the opinion of the court.

Earl A. Bagby for Appellant.

Frank Lamberson for Respondent.

FINCH, P. J.—Plaintiff sued to recover the amount of a promissory note given him by defendant. The defendant was given judgment for costs and plaintiff appeals.

February 16, 1921, plaintiff and defendant entered into an agreement by the terms of which the former agreed to sell certain real property to the latter for the sum of $10,250, as follows: ''$1000 upon the execution of this agreement, the sum of $2000 on or before November 21, 1921, the payment of which shall be represented by a promissory note in the words and figures following'': Then follows a copy of the promissory note. The other deferred payments are not material here. The agreement made time of its essence and provided that upon failure of defendant to perform any of the terms and conditions thereof then the plaintiff might, ''at his option, declare this agreement to be at an end and to be null and void and all payments theretofore made by the second party shall be retained by the first party as further consideration for the execution of this agreement and as compensation to the first party for the occupancy of the real property hereinbefore described.'' The agreement provided that the defendant was to have immediate possession of the premises and to ''continue such possession until the termination of this agreement by any default of the second party as hereinbefore provided, and

upon such termination the second party will yield peaceable possession of said real property unto the first party.'' The defendant paid the $1,000 and gave his promissory note, payable November 21, 1921, as provided in the agreement and was given possession of the premises.

For some default of defendant, not shown by the record, the plaintiff seems to have canceled the agreement and, on the fourth day of November, 1921, brought an action of ejectment against defendant to recover the premises. The defendant duly filed his answer in that action, setting up the agreement and alleging that he had performed all the covenants thereof and was ready, able, and willing to pay said promissory note. January 28, 1922, plaintiff was given judgment restoring him to the possession of the premises.

Immediately after the execution of the promissory note plaintiff indorsed and assigned the same to one Davidian, who took the same as an innocent purchaser for value. December 12, 1921, Davidian commenced an action against plaintiff and defendant herein for the amount due on the note. January 16, 1922, plaintiff herein made a settlement with Davidian and took a reassignment of the note. Thereafter this action was commenced on the thirtieth day of January, 1922.

The judgment herein for defendant was manifestly proper. [1] Had the plaintiff received promissory notes for all deferred payments, under the same conditions as the note in suit was received, and had immediately transferred them to innocent purchasers and then had declared the defendant's rights in the premises forfeited before the maturity of any one of such notes, by reason of some default on defendant's part, it would be a fraud against defendant to permit plaintiff to take a reassignment of the notes and collect the whole purchase price. The only difference between such conduct and that here involved is in the extent of the fraud.

The agreement and the promissory note are to be considered together as parts of one agreement. (*McCroskey* v. Ladd, 96 Cal. 455 [31 Pac. 558].) [2] When plaintiff elected to declare the agreement to be at an end and brought an action to recover possession of the premises prior to the time when the note became due, defendant's obligation to pay the amount of the note to plaintiff ceased, and pay-

ment thereof could be enforced only by an innocent holder for value. (*Glassell* v. *Coleman,* 94 Cal. 260 [29 Pac. 508].) Under the express terms of the agreement the plaintiff, on electing to terminate the contract, had the right to retain the payments theretofore made on the purchase price of the land, but he did not have the right thereafter to collect payments falling due after the time of such termination, and it was his duty to return to defendant the promissory note which, by its terms, was made payable at a time subsequent to such termination. His position is in nowise strengthened by his failure to discharge this duty. Had plaintiff taken a reassignment of the note before maturity and prior to the termination of the agreement, his rights would have been exactly what they would have been if the note had never been assigned, and the time of payment provided for in the note, which constituted one of the terms of the agreement, being subsequent to the termination of the contract, the obligation of defendant to make such payment would have ceased at the same time that the agreement came to an end. Plaintiff certainly acquired no greater right by the reassignment after maturity of the note than if it had been made before maturity.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.