[Civ. No. 4925. First Appellate District, Division Two.—October 25, 1924.]

## DIROOHI J. HOVSEPIAN, Appellant, v. GEORGE ESKENDER et al., Respondents.

[1] VENDOR AND VENDEE — TERMINATION OF CONTRACT — FRUCTUS INDUSTRIALES—REMOVAL BY VENDEES.—Where the vendees under an executory contract for the sale of real property remain in possession after their breach of said contract and after the vendor has given notice of election to cancel the contract, they hold adversely to the vendor, although they are holding under a *bona fide* claim of title; and where said vendees harvest a crop subsequent to their breach and to the giving of notice of the cancellation of the contract, but before the vendor has re-entered, or ousted them, or has obtained judgment against them in a quiet title suit, they are entitled to such crop as *fructus industriales.*

[2] ID.—CANCELLATION OF CONTRACT—SUBSEQUENT PAYMENTS—RIGHT TO PART OF CROP.—Where, following the breach by the vendees under an executory contract for the sale of real property, the vendor gives notice of election to cancel the contract and thereupon institutes and successfully prosecutes to judgment a suit to quiet title to the property, she cancels the contract; and she may not thereafter assert any claim to a share of the crop which was harvested by the vendees subsequent to the cancellation of the con-

---

1. Right to crops on terminaton of executory contract for sale of land, note, Ann. Cas. 1913B, 635.

Right to crops growing on real estate sold upon contract, notes, 35 L. R. A. (N. S.) 1066; 38 L. R. A. (N. S.) 420. See, also, 27 R. C. L. 540; 8 Cal. Jur. 686.

tract, but before the vendor had re-entered, or ousted them, although under the contract, and but for the cancellation thereof, the vendor would have been entitled to such part of the crop.

---

(1) 34 **Cyc.,** p. 1367; 39 **Cyc.,** p. 1403. (2) 39 **Cyc.,** p. 1404 (Anno.).

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lindsay & Conley and Philip Conley for Appellant.

Frank Kauke for Respondents.

STURTEVANT, J.—This is an action in replevin. Judgment went for the defendant and the plaintiff has appealed under section 953a of the Code of Civil Procedure.

On the sixth day of July, 1920, the plaintiff as vendor and the defendants as vendees executed a written agreement to sell and buy a vineyard in Fresno County, together with the improvements and certain personal property. The consideration stated was $25,000. On the date of the execution $5,000 was to be paid, and on October 1, 1920, $2,000 was to be paid. The vendees were to enter at once, do all of the work in producing crops, ". . . and deliver same in the name of the first parties and the second parties. And the first parties shall receive 60% of the gross proceeds of crops and shall apply the same first to the payment of all interest due under this contract at the time said first parties receive the same, and the balance thereof shall be applied as a payment on the principal sum due under this contract. The second parties shall receive 40% thereof for their own share. The first parties shall continue to receive from the crop each year beginning with the crops of 1921 until the principal sum due under this contract has been reduced to the sum of $6,000, at which time the second parties will pay said sum of $6,000 to the first parties. And the said second parties shall receive all of the crop from said premises during the year 1920, as their own. . . . This agreement is made subject to that certain contract heretofore made and entered into with the California Associated Raisin Company,

a corporation, for the sale and delivery to said corporation of the crops of raisins produced on said land, and the second parties being familiar with the terms of said contract hereby assume the same, and as a part of the consideration hereof promise and agree to perform the same in accordance with the terms, conditions and covenants thereof. . . . In the event of the failure of second parties to comply with any of the terms or provisions of this agreement, the first parties, at their option, shall be released from all obligations to convey said property, and shall be entitled to the immediate possession thereof, and all moneys theretofore paid on this agreement shall be paid and received as the agreed rent for the use and occupancy of said premises, and also in satisfaction of damages for the nonperformance of this contract by the second parties. Or the first parties may enforce this agreement in accordance with its terms, at their option." The instrument contained a provision that time was expressly made of the essence thereof.

In the month of June, 1923, the vendors, claiming that the vendees had breached their contract, served a notice of cancellation. On June 7, 1923, they filed a complaint asking a decree of court to the effect that the vendees were in default, that the contract be canceled, that the vendees have no rights and that the title of the vendors be quieted. During the following months that litigation proceeded, but the vendees remained in possession. Finally that case was tried and judgment therein was entered on the twenty-third day of November, 1923. In the meantime the vendors commenced this action by filing a complaint on the eighteenth day of October, 1923, for the purpose of recovering the crop that had been harvested by the vendees.

In support of her appeal the appellant claims: "That she was, at the time this action was commenced, the owner of the entire crop. That it is the general rule that title to growing crops passes with title to the land, and that the owner of real property is presumed to be the owner of the crops growing thereon. (*Wilson* v. *White,* 161 Cal. 453, 461 [119 Pac. 895].) Furthermore, growing crops pass to the plaintiff who recovers in an ejectment action. (*Huerstal* v. *Muir,* 64 Cal. 450 [2 Pac. 33].)" On the other hand, the respondents cite and rely on the rule of law stated in

17 C. J. 381, as follows: "But one who sows, cultivates, and harvests a crop upon the land of another is entitled to the crop as against the owner of the land, whether he came to the possession of the land lawfully or not, provided he remains in possession till the crop is harvested." In support of the text the respondents cite *Page* v. *Fowler,* 28 Cal. 605, *Page* v. *Fowler* 37 Cal. 100; *Page* v. *Fowler,* 39 Cal. 412 [2 Am. Rep. 462], *Penneybecker* v. *McDougal,* 46 Cal. 661, *Martin* v. *Thompson,* 62 Cal. 618 [45 Am. Rep. 663], *Smith* v. *Cunningham,* 67 Cal. 262 [7 Pac. 679]; *Emerson* v. *Whitaker,* 83 Cal. 147 [23 Pac. 285], *Groome* v. *Almstead,* 101 Cal. 425 [35 Pac. 1021], *Johnston* v. *Fish,* 105 Cal. 420 [45 Am. St. Rep. 53, 38 Pac. 979]; *Phillips* v. *Keysaw,* 7 Okl. 674 [56 Pac. 695], *Churchill* v. *Akerman,* 22 Wash. 227 [60 Pac. 406], and *Roney* v. *H. S. Halvorsen Co.,* 29 N. D. 13 [149 N. W. 688]. The appellant replies that the authorities cited by the respondents rest on adverse possession; that the element of adverse possession as used in the rule means such adverse possession as would support the statute of limitations. She further contends that the reason for the rule stated in *Page* v. *Fowler, supra,* is that the courts will not determine conflicting claims to the title to real property in an action to recover personal property. It is unnecessary to attempt to state the exact limits of the rule. [1] From the time that the notice of cancellation was served the vendees were holding adversely to the vendor. (*Kimball* v. *Lohmas,* 31 Cal. 154.) They were so holding under a *bona fide* claim of title. While so holding they harvested the crop in question which they had cared for during the preceding months of the year. That crop had become *fructus industriales.* (*Vulicevich* v. *Skinner,* 77 Cal. 239, 240 [19 Pac. 424].) They had harvested the crop before the appellant re-entered, or ousted them, or obtained her judgment in the quiet title case. Under those circumstances the vendees were entitled to the crop as *fructus industriales.* The rule is general. (34 Cyc. 1367; *Stockwell* v. *Phelps,* 34 N. Y. 363 [90 Am. Dec. 710]; *Faulcon* v. *Johnston,* 102 N. C. 264 [11 Am. St. Rep. 737, 747, 9 S. E. 394]; *Gunderson* v. *Holland,* 22 N. D. 258 [133 N. W. 546, 548].) It applies to a mortgagor in possession. (*McAllister* v. *Lawlor,* 32 Mo. App. 91; *Aultman & Taylor Co.* v. *O'Dowd,* 73 Minn. 58 [72 Am. St. Rep. 603, 75 N. W. 756]; *Bray* v. *Carter,*

115 N. C. 16 [20 S. E. 164].) It applies to a vendee in possession. (*Roney* v. *H. S. Halvorsen Co., supra; Moen* v. *Lillestal,* 5 N. D. 326 [65 N. W. 694] ; *Lynch* v. *Sprague Roller Mills,* 51 Wash. 535 [99 Pac. 578] ; *Golden Valley Land & Cattle Co.* v. *Johnstone,* 21 N. D. 101 [Ann. Cas. 1913B, 631, 128 N. W. 691] ; *Waite* v. *Stanley,* 88 Vt. 407 [L. R. A. 1916C, 886, 92 Atl. 633] ; *Fritcher* v. *Kelly,* 34 Idaho, 468 [201 Pac. 1037].) And the same rule applies to a tenant in possession. (*Faulcon* v. *Johnson,* 102 N. C. 264 [11 Am. St. Rep. 737, 9 S. E. 394, 399] ; *Dollar* v. *Roddenbery,* 97 Ga. 148 [25 S. E. 410] ; *Myer* v. *Roberts,* 50 Or. 81 [126 Am. St. Rep. 733, 15 Ann. Cas. 1031, 12 L. R. A. (N. S.) 194, 89 Pac. 1051].)

[2] Finally, the appellant contends that if she is not entitled to the whole crop that she is entitled to the sixty per cent provided in the written agreement. However, by her notice of cancellation and subsequent proceedings she canceled that instrument. She may not now assert any claim to a share of the crop resting the same on the provisions of that instrument. (*Glassell* v. *Coleman,* 94 Cal. 260, 266 [29 Pac. 508].) If instead of the sixty per cent mentioned as a share of the crop the contract had provided for a cash payment, then it is clear that she would not be entitled to the cash payment. (*Glassell* v. *Coleman, supra; Waite* v. *Stanley, supra; Dishian* v. *Kishishian,* 64 Cal. App. 440 [221 Pac. 669].) The rule remains the same when the payment provided in the contract was expressed as a portion of the crop instead of being expressed as so much money.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1924.

Richards, J., dissented from the order denying a hearing in the supreme court.