[Sac. No. 3918. In Bank.—July 16, 1928.]

CALIFORNIA DELTA FARMS, INC. (a Corporation), Respondent, v. CHINESE AMERICAN FARMS, INC. (a Corporation), Appellant.

 

A. B. Bianchi, Albert H. Elliot, Manson & Allan and Bianchi & Hyman for Appellant.

Nutter, Hancock & Rutherford and A. P. Hayne for Respondent.

PRESTON, J.—This, the third appeal in the above-entitled cause, is from an order made on July 10, 1925, on motion of plaintiff, appointing a receiver *pendente lite*.

The order confers power upon the receiver to collect what is termed "mesne profits," which is therein interpreted to mean a conferring of power upon said receiver to substitute himself for the defendant and secure and keep, pending further order of the court, all of defendant's portion, or its equivalent, of the *fructus industriales* after severance, produced on the real property in suit during the year 1925. Said property for said year was being cropped by various tenants of defendant under agreements providing for shares of the yield in lieu of rentals. The order is sweeping in its scope and, in short, divests defendant of all rights as a possessor of said lands and invests them in the receiver. The order indirectly imputes to defendant a purpose to circumvent the efforts of the receiver to gain possession of said crop and makes elaborate provisions to help him in such event.

The main action, begun on September 15, 1924, was one to declare forfeited all rights of defendant under a contract made in 1919 wherein plaintiff agreed to sell and defendant to buy some 3,400 acres of agricultural lands in San Joaquin County. The purchase price was approximately $900,000, payable in installments, some forty per cent of said purchase price having been paid prior to suit; the final installment thereof matured in 1928. Defendant entered into possession of the premises on January 1, 1920, and so remained at the time of the order here appealed from. Defendant duly answered and also filed a cross-action and, after denial of de-

fault, set up, among other defenses, the enactment in 1920 of the second Alien Land Act (Stats. 1921, p. lxxxiii), effective December 9th of said year, contending that thereby the consideration for all unexecuted portions of said contract became illegal and in violation of the penal provisions of said statute. Basing its claims upon this contention, it tendered restoration of possession of said property upon the granting to it of an accounting in equity of all payments made, itself offering to account for the value of the use and occupation of the lands, but asserting a lien under section 3050 of the Civil Code, coupled with the right to remain in possession until the lien so claimed was satisfied.

Following said enactment and until the year 1924, apparently no heed was given by either party to the effect of said statute upon the contract. But untoward circumstances caused defendant to fall in arrears on its obligation and as a result this action was begun. Soon thereafter the application for a receiver followed and was predicated largely upon the apparent insolvency of defendant, provided, of course, forfeiture under said contract had occurred as claimed by plaintiff.

We realize that the order under review is largely one in the discretion of the court and that we have to view it as the cause legally appeared to the court below at the time it was made. Still we are unable to find any legal support for it. Apparently it is sought to justify it under subdivision 1, section 564 of the Code of Civil Procedure, but in order to do so, either fraud must be shown in the purchase or the plaintiff must be shown to have some right in or lien upon or claim to the fund sought to be impounded. Here no fraud is claimed and in our view of the case plaintiff has no right whatsoever in or to the fund or any part thereof and is at most in no better position than that of a general creditor. And as a general creditor we need not pause to cite authorities to show that no receiver can be legally appointed at its instance. A vendee in default under an executory contract of purchase, who continues in possession after notice of cancellation, is an adverse claimant and all privity between him and the vendor ceases upon such notice (*Hovsepian* v. *Eskender*, 69 Cal. App. 379 [231 Pac. 364]).

Plaintiff in this action, if successful in its efforts to obtain possession of the property, would have a right of action for the value of the use and occupation of the property from and after the time of said cancellation, but this apparently is the full measure of its rights. In 39 A. L. R., page 971, the annotator states this proposition as follows: "The cases holding the owner of land not to be entitled to the crops raised thereon and harvested by persons not in privity with him all agree that his remedy consists in a recovery of the mesne profits." (Citing *Pennybecker* v. *McDougal*, 46 Cal. 661; *Groome* v. *Almstead*, 101 Cal. 425 [35 Pac. 1021]; *Johnston* v. *Fish*, 105 Cal. 420 [45 Am. St. Rep. 53, 38 Pac. 979]; *Rector* v. *Lewis*, 46 Cal. App. 168 [188 Pac. 1018].)

This right of action, however, falls far short of title to or interest in the usufruct. In fact, it negatives any claim of the true owner to it. As against such adverse claimant, the owner is not entitled to sue in trover or detinue for the crop as a chattel (*Johnston* v. *Fish, supra; Groome* v. *Almstead, supra; Phillips* v. *Keysaw*, 7 Okl. 674 [56 Pac. 695]). In *Page* v. *Fowler*, 39 Cal. 412, 416, 417 [2 Am. Rep. 462], it is said: "The very fact that he may recover the rents and profits of the land, shows that he cannot recover the crops; for, as was well said in the case of *Stockwell* v. *Phelps* (34 N. Y. 363 [90 Am. Dec. 710]), the owner of the land, in such cases, does not recover the value of the crops raised and harvested, but the value of the use and occupation of the land; and the annual crops of grain and grass, which contain both the value of the use of the land and the labor of the farmer, do not, under such circumstances, belong to the owner of the land. It would be an oppressive rule to require everyone who, after years of litigation perhaps, may be found to have a bad title, to pay the gross value of all the crops he has raised; and it would be an inconvenience to the public if the bad title of the farmer to his land attached to the crops he offered for sale, and rendered it necessary to have an abstract of his title to make it safe to purchase his produce."

Nor could an attachment or execution be levied thereon as the property of such owner (*Smith* v. *Cunningham*, 67 Cal. 262 [7 Pac. 679]), nor would the owner be entitled to an injunction to protect its claims (*Fritcher* v. *Kelly*, 34

Idaho, 468 [201 Pac. 1037]). The simple fact is that such a crop in the hands of a *bona fide* adverse claimant is not the property of the true owner but is the property of such claimant and this is true whether the crop be severed·or growing (*Grossman* v. *Yip Wing,* 62 Cal. App. 128 [216 Pac. 634]). We are not concerned with the question of growing crops produced by a trespasser and not severed on the entry of the true owner (*Rector* v. *Lewis, supra*). Moreover, the order in question contemplated the taking into custody of crops after severance and before final judgment in the cause and hence under either theory they would not belong to plaintiff.

Construing the action as one in ejectment, in the absence of peculiar circumstances, none of which is here present, the appointment of a receiver cannot be sustained (*Bateman* v. *Superior Court,* 54 Cal. 285; *San Jose Deposit Bank* v. *Bank of Madera,* 121 Cal. 543 [54 Pac. 85]; *Miller* v. *Oliver,* 174 Cal. 407 [163 Pac. 355]; *Scott* v. *Sierra Lumber Co.,* 67 Cal. 71 [7 Pac. 131]; *Bennallack* v. *Richards,* 125 Cal. 427 [58 Pac. 65]).

Finally, the whole question here involved is determined adversely to plaintiff by the fact that under the issues as made by the pleadings, as the word ''issue'' is defined in section 580 of the Code of Civil Procedure (*Baar* v. *Smith,* 201 Cal. 87 [255 Pac. 827]), the court cannot administer or distribute the fund arising from such receivership, the plaintiff having no interest therein. The insolvency or supposed insolvency of the defendant is, therefore, not a factor in the question. A case similar in facts and like in principle is *Golden Valley etc. Co.* v. *Johnstone,* 21 N. D. 101 [Ann. Cas. 1913B, 631, 128 N. W. 691], approved in *Roney* v. *Halvorsen,* 29 N. D. 13 [149 N. W. 688].

The order is reversed.

Curtis, J., Shenk, J., Seawell, J., and Richards, J., concurred.

Rehearing denied.

All the Justices present concurred.