[Civ. No. 6759. First Appellate District, Division One.—November 15, 1929.]

SEROP YAKOOBIAN, Respondent, v. H. G. JOHNSON et al., Appellants.

Sherwood Green and W. E. Simpson for Appellants.

Gallaher & Jertberg, M. G. Gallaher and K. Kuyumjian for Respondent.

THE COURT.—Defendant H. G. Johnson has appealed from a judgment for $2,616.66 which was recovered against him by plaintiff Yakoobian. The plaintiff alleged that appellant converted to his own use certain crops of grapes and figs on which the former held a mortgage in the sum of $2,500. By a second count in the form of an action for money had and received he sought to recover to the extent of the mortgage the sums received by appellant from the sale of the crops.

The following are the facts of the case: Some time before the year 1924 appellant agreed to sell the land on which the crops were grown to S. Papazian. By the contract one-half of the crops to be produced thereon were reserved *as security* for the payment of the installments of the purchase price. Thereafter on January 4, 1924, Papazian mortgaged to the plaintiff one-half of the crops to be produced thereon during the years 1924 and 1925 to secure a note for $2,500 payable to the plaintiff on or before October 1, 1924. During the crop season of 1924 Papazian sold a portion of the crops and received therefor amounts aggregating $1,713.67. Thereafter he defaulted in the performance of his contract with appellant and on September 4, 1924, the latter instituted an action to terminate his rights under the contract and for the recovery of the possession of the land. A judgment terminating the vendee's rights was entered on March 7, 1925, following which appellant went into possession. Upon the filing of that action the court, on the application of appellant, appointed a receiver, who took possession of the crops. The receiver proceeded to market the same and

received therefor a total of $4,411.64. After deducting his expenses and fees he paid to appellant the sum of $685 in cash and expended for the latter's benefit the following amounts: $81.65 for insurance on the buildings situated on the property; $368.21 for taxes; and $2,280 in payment of the accrued interest on the mortgage upon the land executed by appellant; the total amount received directly and indirectly by the latter being the sum of $3,330.71. It is admitted that the crop was removed by the receiver' without the consent of the plaintiff. In addition to the above facts the trial court found that the value of the crop taken by the receiver was about $5,000 and in accordance with the allegations of the complaint that appellant became indebted to the plaintiff for money had and received in the sum of $2,616.66, this being the amount of the mortgage and accrued interest.

Appellant contends that in view of the facts the plaintiff had no valid claim to the crop and that the conclusion of the trial court cannot be supported. ■ In the absence of a stipulation to the contrary a vendee let into possession is entitled to the crops raised by him (*Lewis* v. *Hall*, 38 Cal. App. 329 [176 Pac. 171]; *First National Bank of Tulare* v. *Andreas*, 92 Cal. App. 62 [267 Pac. 937]); and whatever the form of an instrument, if it was intended merely as security, it will be given that effect (17 Cal. Jur., Mortgages, secs. 45, 46).

■ And where, as here, the contract expressly provided that half the crops were reserved *as security for* the payment of installments of the price of the land, manifestly it was not the intention of the parties that the vendor should retain the ownership thereof but a lien thereon for the price (*Palmer* v. *Howard*, 72 Cal. 293 [1 Am. St. Rep. 60, 13 Pac. 858]; *Stockton Savings etc. Society* v. *Purvis*, 112 Cal. 236 [53 Am. St. Rep. 210, 44 Pac. 561]; *Ferguson* v. *Murphy*, 117 Cal. 134 [48 Pac. 1018]). ■ Such was the interpretation given the provision by the trial court, and where its conclusion appears consistent with the true intent of the parties it is not within the province of the appellate court to substitute another interpretation, though equally tenable, for that of the court below. (*Slama Tire etc. Co.* v. *Ritchie*, 31 Cal. App. 555 [161 Pac. 25]; *Manley* v. *Pacific Mill etc. Co.*, 79 Cal. App. 641 648 [250 Pac. 710].)

██ Following the execution of the contract the vendee went into possession of the land and so far as appears from the evidence remained therein until the entry in 1925 of the judgment terminating his rights. In what respects he was in default under the contract is not shown by the record, but the vendor having elected to forfeit and terminate his rights thereunder could not thereafter recover the unpaid installments of the purchase price, which thereupon ceased to be enforceable obligations. (*Glassell* v. *Coleman*, 94 Cal. 260 [29 Pac. 508]; *Dishian* v. *Kishishian*, 64 Cal. App. 440 [221 Pac. 669]; *Mahoney* v. *McCrea*, 104 Iowa, 735 [74 N. W. 699]; *Waite* v. *Stanley*, 88 Vt. 407 [L. R. A. 1916C, 886, 92 Atl. 633]; *Roney* v. *H. S. Halvorsen Co.*, 29 N. D. 13 [149 N. W. 688]; *Wotring* v. *Shomaker*, 102 Pa. 496; *Steiner* v. *Baker* [111 Ala. 374 [19 South. 976]; *Ward* v. *Warren*, 44 Or. 102 [74 Pac. 482]; *Warren* v. *Ward*, 91 Minn. 254 [97 N. W. 886]; *Illinois etc. Co.* v. *Steams*, 60 Ill. App. 21.) Nor could payment thereof be subsequently enforced against the security, namely, the crops. While these were subject to the lien reserved by the vendor, the lien was created by the contract and the right to enforce it depended upon the continued existence of the obligations secured. (*Glassell* v. *Coleman, supra; Hovsepian* v. *Eskender*, 69 Cal. App. 379 [231 Pac. 364]; *Frankel* v. *Rosenfield*, 95 Cal. App. 647 273 Pac. 122]; *Steiner* v. *Baker, supra; Ward* v. *Warren, supra; Warren* v. *Ward, supra*.) ██ The crops which were *fructus industriales* (*Vulicevich* v. *Skinner*, 77 Cal. 239 [19 Pac. 424]; *Hovsepian* v. *Eskender, supra*) were not in existence when the contract was made and upon the election by the vendor to terminate and forfeit the vendee's right under the contract the latter notwithstanding remained in possession of the land. He thereupon became an adverse claimant and all privity between him and the vendor ceased (*California Delta Farms, Inc.*, v. *Chinese etc. Farms, Inc.*, 204 Cal. 524 [269 Pac. 443]; *Hovsepian* v. *Eskender, supra*); and in the action to terminate the rights no receiver could legally be appointed (*California Delta Farms, Inc.*, v. *Chinese etc Farms, Inc., supra*); the remedy of the vendor consisting in the recovery from the vendee of the value of the use and occupation of the land (*Johnston* v. *Fish*, 105 Cal. 420 [45 Am. St.

Rep. 53, 38 Pac. 979]; *Rector* v. *Lewis,* 46 Cal. App. 168 [188 Pac. 1018]; notes, 39 A. L. R. 958; 57 A. L. R. 578).

Appellant claims that the portion of the crops removed and sold by Papazian was necessarily a part of the undivided half thereof which was subject to plaintiff's lien and that the latter's security was to that extent diminished. Whether Papazian's acts would have had the effect claimed had appellant's lien continued, we need not decide, but as between the plaintiff and Papazian the latter's wrongful act could not affect the plaintiff's rights, and so long as any crops owned by Papazian remained upon the land the same would still be subject to the lien of the mortgage. Having relinquished his lien, appellant was not in a position to assert that the rights of the plaintiff were diminished by the wrongful acts of the vendee.

It is also contended that the receiver was not the agent of the appellant, but an officer of the court for whose acts he was not responsible. However this may. be, appellant received the proceeds of the crops which were subject to the lien of plaintiff's mortgage and to which the latter by reason thereof was equitably entitled. Under such circumstances the money may be recovered. (*Gray* v. *Huffaker,* 176 Cal. 516 [169 Pac. 1038]; *Fontaine* v. *Lacassie,* 36 Cal. App. 175 [171 Pac. 812].) Furthermore, the receiver held the crops subject to the mortgage (*Von Roun* v. *Superior Court,* 58 Cal. 358; *Bories* v. *Union Building & Loan Assn.,* 141 Cal. 74 [74 Pac. 552]), and the proceeds having been applied to the benefit of appellant, he was to the amount of the mortgage obligated to repay the same to the plaintiff (*Crosby* v. *Fresno Fruit Growers Co.,* 30 Cal. App. 308 [158 Pac. 1070]).

The judgment is affirmed.