## WILLIAMS v. BOWERS et als.

An ostensible partner, retiring from the firm, must give notice of his retirement, or he will be liable to creditors of the continuing firm, on contracts made by them after his retirement.

APPEAL from the Eleventh District.   Plaintiff appeals.

*Hale & Smith*, for Appellant, cited Coll. on Part. secs. 118, 530 ; *Johnson* v. *Totten*, (3 Cal. 348).

*Tuttle & Hillyer*, for Respondents.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

This is an action to recover a sum of money, alleged to be due the plaintiff for legal services.   The suit in which such services were rendered, was brought in the District Court, Placer county, and the plaintiff was first employed to defend the suit in that Court.   The case being determined adversely to the defendants, he was subsequently employed to move for a new trial, and prosecute an appeal.   He seeks to recover for the services rendered under the last employment.   The defendants are sued as partners ; and the question is, whether one of them, against whom the plaintiff failed to recover, is in any manner liable for these services ?   This defendant was a party to the original suit, and it was shown that he was a member of the partnership, and assented to the employment of the plaintiff to defend the suit in the District Court. Previous to the trial of the case he assigned his interest, and dissolved his connection with the company, but did not inform the plaintiff of his withdrawal.   The Court held, that under these circumstances, the plaintiff was not entitled to recover, and so instructed the jury.   This instruction was clearly erroneous.   The defendant should have given notice of his withdrawal, and his failure to do so renders him liable, even if he is not liable upon other grounds.   (See Coll. on Part. secs. 118, 530 ; *Johnson* v. *Totten*, 3 Cal. 348.)

Judgment reversed, and cause remanded for a new trial.