[No. 3,067.]

## WILLIAM H. KELLY *v.* ANDREW MACK.

RECOVERY OF PURCHASE MONEY FOR LAND SOLD.—Where the seller contracts that upon the payment of the purchase money he will execute and deliver to the buyer a deed for the land sold, he cannot maintain an action for the purchase money without first tendering a deed and demanding payment.

APPEAL from the District Court of the Seventh Judicial District, County of Mendocino.

Judgment for the defendant, and appeal therefrom by the plaintiff.

*Thomas H. Bond*, for Appellant, cited *Osborn* v. *Elliott*, 1 Cal. 337; *Folsom* v. *Bartlett*, 2 Cal. 163; *Hill* v. *Grigsby*, 35 Cal. 661; *Bohall* v. *Diller*, 41 Cal. 532

*McGarvey & Carothers*, for Respondent.

The offer in the complaint to make the deed, followed by the production of the deed and tender at the trial, is all the law requires. (*Barron* v. *Frink*, 30 Cal. 488; *Hill* v. *Grigsby*, 35 Cal. 661.)

By the COURT:

This is an action to recover the purchase money for a tract of land sold by the plaintiff to the defendant, and to enforce

a vendor's lien. One of the terms of the contract of sale was, that upon the payment of the purchase money the plaintiff would execute and deliver to the defendant a deed of conveyance of his (the plaintiff's) right, title, and interest in the land. The complaint contains no allegation of the tender of a deed of conveyance, and on this ground, among others, the defendant demurred to the complaint. The demurrer should have been sustained on this ground. That is the well established doctrine of this Court. (*Hill* v. *Grigsby*, 35 Cal. 661; *Bohall* v. *Diller*, 41 id. 532.)

Judgment reversed and cause remanded, with directions to sustain the demurrer to the complaint.