| 89 | 367 |
| 89 | 635 |
| 89 | 367 |
| 112 | 384 |

---

[No. 13184.    Department One. — June 1, 1891.]

## WILLIAM STUART, RESPONDENT, v. JAMES ADAMS ET AL., APPELLANTS.

MINING PARTNERSHIP — EXTENT OF LIABILITY OF MEMBERS. — A member of a mining partnership is liable to third persons, in respect to the obligations of the partnership, jointly with his copartners, for the full amount of indebtedness justly chargeable to the partnership, and not merely for a *pro rata* share of such indebtedness proportionate to his interest.

ID. — AUTHORITY OF SUPERINTENDENT. — A superintendent of a mine has the right to purchase, for the partnership, necessary supplies and materials for the usual working of the mine, without express authority.

ID. — WHEN PARTNERSHIP ARISES — CONTRACT TO WORK MINE ON SHARES. — A mining partnership arises only when the owners of a mine engage together in working it; and a mere contract by which a third

person agrees with them to work the mine and pay one half the expenses thereof, and receive one half the product of the mine for his labor, does not constitute a mining partnership between the parties to the contract, but is a contract for working the mine on shares.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Nagle & Nagle,* for Appellants.

The defendants, as members of a mining partnership, are only liable *pro rata* for their respective interests as part owners in the mine. (See Civ. Code, secs. 2511–2520.) If the plaintiff is entitled to a personal judgment in this case, it should be entered against each partner severally, according to the interest he owns in the mine, and no more. (Civ. Code, secs. 2513, 2514, 2517; *Morrow* v. *Superior Court,* 64 Cal. 383; *Abel* v. *Love,* 17 Cal. 233; *Skillman* v. *Lachman,* 23 Cal. 199; 83 Am. Dec. 96.) It is necessary, in order to bind the mining copartnership, that a request or some express authority should be shown by the plaintiff, or that his conduct was in consonance with the decision of a majority of the members. (Civ. Code, sec. 2520; *Skillman* v. *Lachman,* 23 Cal. 199; 83 Am. Dec. 96; *Duryea* v. *Burt,* 28 Cal. 569; *McConnell* v. *Denver,* 35 Cal. 365; 95 Am. Dec. 107.)

*Hutchinson & Campbell,* for Respondent.

The members of a mining partnership are jointly liable for the full amount of a partnership obligation. (Civ. Code, sec. 2442; *Jones* v. *Clark,* 42 Cal. 193.) In the following cases joint judgments were rendered against the defendants, without regard to their individual interests in the mine: *Taylor* v. *Castle,* 42 Cal. 367; *Jones* v. *Clark,* 42 Cal. 180; *Skillman* v. *Lachman,* 23 Cal. 198; 83 Am. Dec. 96. The superintendent had a right to

expend for the partnership such moneys as were reasonably necessary in the purchase of such articles as were necessary for the running, in the usual manner, of the mine, and in the employment of such labor as was reasonably necessary for the running of the mine in the usual manner, without an express request by the company. (*Jones* v. *Clark*, 42 Cal. 180.) The agreement in this case is in all its essential features a contract for labor to be performed and to be paid for by a share of the profits realized from such labor. (*Hudepohl* v. *Liberty Hill etc. Co.*, 80 Cal. 553.)

GAROUTTE, J.—This is an action to recover $2,795.18 upon contracts for labor, and for money advanced.

The defendants are mining copartners doing business under the firm name of the " Alabama Bar Mining and Canal Company."

Plaintiff performed labor for them at their mine, and a portion of the time acted in the capacity of superintendent. In this action he recovered a joint judgment for $2,311.16.

This is an appeal from the judgment and order denying defendants' motion for a new trial.

Appellants insist that, as members of a mining partnership, they are only liable *pro rata* for the liabilities of the partnership according to their respective interests as part owners in the mine.

No authority directly bearing upon this question has been presented for our consideration by counsel upon either side.

In those states where mining partnerships are common, we find many cases where judgments have been rendered against all the defendants (mining copartners) for the full amount recovered, and no question raised as to their validity upon that ground, and such has been the practice in this state. (*Jones* v. *Clark*, 42 Cal. 181; *Taylor* v. *Castle*, 42 Cal. 367; *Skillman* v. *Lachman*, 23 Cal. 198; 83

Am. Dec. 96; *McConnell* v. *Denver*, 35 Cal. 365; 95 Am. Dec. 107.)

In *McConnell* v. *Denver*, 35 Cal. 365, 372, 95 Am. Dec. 107, 110, where the trial court rendered a joint judgment against some of the defendants, this court said: "Upon the findings the judgment should have been against Latham, as well as the other defendants. . . . . If he was a member when the contract sued on was made, and the contract was executed by a party duly authorized, he must of course be bound by it as well as the other members."

While the language may tend toward the position of respondent, yet the court's attention does not appear to have been directed in that particular line.

It is passing strange if defendants' position is correct that it has been allowed to quietly rest so long; yet, its novelty does not deprive it of careful consideration by the court.

"Mining partnerships, where there are no partnership articles, are governed by the law of ordinary partnerships, except so far as the general usage of persons engaged in similar pursuits or the established practice of the particular company has established a different rule. The only difference generally existing, as established by the decisions of this court, is such as legitimately flows from the fact that in such copartnerships there is no *delectus personæ.*" (*Jones* v. *Clark*, 42 Cal. 193.)

"Every general partner is liable to third persons for the obligations of the partnership, jointly with his copartners." (Civ. Code, sec. 2442.)

We do not believe that the fact that in mining partnerships there is no *delectus personæ* takes them out of the rule laid down in the foregoing section of the Civil Code. In all the cases we have examined which attempt to enumerate the differences existing between general partnerships and mining partnerships arising from the fact that in the latter there is no choice of partners, as

already stated, we find none to assert that one of the distinctive features is that mining copartners are only liable to creditors for a *pro rata* amount of the indebtedness.

There is no good reason in saying that "my partner is not one of my choice, and therefore can only bind me for a *pro rata* of the indebtedness."

The *proportion* of the indebtedness for which he shall be bound to a third party has no relation whatever to the fact that his associate in business is not one of his choice, and does not legitimately flow from the absence of *delectus personæ*.

A member of a mining partnership is bound or not bound by the acts of a copartner, who is forced upon him, according as the copartner acts with or without authority, and if he is bound at all, it would seem that he is bound to the full extent of the liability.

Section 2513 of the Civil Code, which provides that a member of a mining partnership shares in the profits and losses thereof in the proportion to his interest, etc., seems to reiterate the law of ordinary business partnerships.

It does not add to the weight of appellants' contention; for it must be construed as referring to the relations of the partners as to each other, and has no reference to the liabilities of the partnership to third parties.

Section 2514 of the Civil Code reads: "Each member of a mining partnership has a lien upon the partnership property for the debts due the creditors thereof, and for money advanced by him for its use."

Section 2520 of the Civil Code reads: "The decision of the members owning a majority of the shares or interests in a mining partnership binds it in the conduct of its business."

It is difficult to see why each partner should have a lien upon the partnership property for the debts due the creditors, if such partner be not liable to those creditors

for the debts. It is apparent this lien is given for the purpose of enabling him to collect from his copartners their proportion of the indebtedness which he has been compelled to pay in full.

By reason of the foregoing views, and from the additional fact that if the legislature, in framing the provisions of the Civil Code defining and governing mining partnerships, had intended to place such a great innovation upon the universal law of ordinary partnerships, to wit, that a partner is only liable to creditors for his proportion of their claims, according to his interest, it would have so declared in explicit terms, we conclude that appellants' contention has no merit.

Plaintiff, as superintendent of the mine, had the right to expend for the partnership, moneys in the purchase of articles that were necessary for the conduct of the mine in the usual manner, without express authority.

" The company being a mining partnership managed by a superintendent, it follows that the superintendent could not bind the partnership, except upon such contracts as are usual and necessary in the ordinary prosecution of the work. He could purchase the supplies and materials necessary for the usual working of the mine upon credit." (*Jones* v. *Clark*, 42 Cal. 180.)

Plaintiff contracted with defendants to work the mine, pay one half the expenses thereof, and receive one half the product of the mine for his labor.

This contract does not constitute a mining partnership between plaintiff and defendants.

"A mining partnership exists when two or more persons who *own or acquire a mining claim* for the purpose of working it and extracting the mineral therefrom actually engage in working the same." (Civ. Code, sec. 2511.) "The relation arises from the *ownership of shares or interests in the mine* and working the same for the purpose of extracting the minerals therefrom." (Civ. Code, sec. 2512.)

In the construction of a contract very similar to the one under discussion, this court said in *Hudepohl* v. *Mining and Water Co.*, 80 Cal. 558: " Such a contract does not create the relation of landlord and tenant, but fixes a rule of compensation for services rendered. It is in all essential features a contract for labor to be performed and to ' ; paid for by a share of the profits realized from such la oor."

Appellant insists that the evidence does not show that the defendant Adams had any authority to employ plaintiff under the verbal contract of May, 1884.

It would serve no good purpose to enter into a detailed statement of the evidence upon this question as disclosed by the record. There was certainly ample evidence to justify the court in denying the motion for a nonsuit, and allowing the jury to pass upon this question of fact.

The instructions appear to contain a very full and fair statement of the law of the case.

Let the judgment and order be affirmed.

PATERSON J., and HARRISON, J., concurred.

Hearing in Bank denied.