[Sac. No. 80.   Department Two.—April 13, 1896.]

FRANCISCO DELLAPIAZZA, RESPONDENT, v. PATRICK FOLEY ET AL., APPELLANTS.

MINING PARTNERSHIP—LIABILITY OF PARTNERS—DEED TO CORPORATION—RECORD—PERSONAL NOTICE OF DISSOLUTION—CONSTRUCTION OF CODE. Section 2453 of the Civil Code, which enacts that the liability of a general partner for the acts of his copartners continues after dissolution of the partnership, in favor of persons who have had dealings with and given credit to the partnership, until they have had personal notice of the dissolution, applies to a mining copartnership, which is dissolved by a transfer of its property to a corporation, and the record of such deed does not give constructive notice of the dissolution to those who have had dealings with the mining partnership, but, in order to exempt

one of the mining partners from continuous liability for the acts of his copartner toward a laborer who had worked for the partnership, the personal notice to the laborer of the dissolution of the mining partnership must have been actual.

ID.—SETTLEMENT WITH ONE PARTNER—INDIVIDUAL NOTE AND RECEIPT—COPARTNER NOT RELEASED.—The fact that one who had worked for a mining partnership, and had continued to work after its dissolution by conveyance of the property to a corporation, without notice of the dissolution, settled his account with one of the mining partners, who became superintendent of the corporation, and who paid part of the account, and gave his individual note for the residue of the account, and took a receipt to himself in full of the account, does not make the note a payment of the account, if it is not paid in fact, nor does the settlement constitute a novation, nor an accord and satisfaction, nor does it operate to release the other copartner from his obligation to pay the debt for which the note was given.

ID.—PAYMENT—EFFECT OF NOTE.—Without the intention and express agreement of the parties that the making and acceptance of a note shall operate as payment or satisfaction of the original debt to secure which it was given, it does not so operate, though it may have the effect to suspend the right of recovery until maturity of the note.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial. JOHN CALDWELL, Judge.

The facts are stated in the opinion.

*F. T. Nilon,* for Appellants.

Upon the transfer of the mining claim to the corporation, Foley and Bohannan ceased to be partners. (Civ. Code, sec. 2511.) Section 2453 of the Civil Code does not apply to mining partnerships. (*Jones* v. *Clark,* 42 Cal. 181; Civ. Code, sec. 2516.) In mining partnerships the rule of liability has never been applied to one who, though formerly a partner, has not given actual notice of his retirement. (*Skillman* v. *Lachman,* 23 Cal. 199; *Duryea* v. *Burt,* 28 Cal. 569; *Jones* v. *Clark, supra; Taylor* v. *Castle,* 42 Cal. 367; *Kahn* v. *Central Smelting Co.,* 11 Rep. 249.) Plaintiff was constructively notified of Bohannan's retirement, having knowledge of circumstances sufficient to put him on inquiry. (*Zollar* v. *Janvrin,* 47 N. H. 324; *Smith* v. *Vanderburg,* 46 Ill. 34; *Davis* v. *Keyes,* 38 N. Y. 94.) The record of the deed was also constructive notice.

*C. W. Kitts,* for Respondent.

It was the duty of Foley and Bohannan to notify plaintiff of the dissolution of the partnership if they wished to avoid liability. (Civ. Code, sec. 2453.)

Vanclief, C.—Action to recover from defendants, as copartners in the business of mining, a balance of eight hundred and fifteen dollars and seventy cents alleged to be due plaintiff for labor performed for defendants at their request between the twenty-fifth day of December, 1890, and November, 15, 1891. The plaintiff had judgment for the full amount of his demand. As to defendant Foley, the judgment was by default upon his failure to answer. Bohannan alone appeals from the judgment, and also from an order denying his motion for a new trial.

It is not questioned that plaintiff was employed by defendants and performed the labor as alleged, nor that there was a balance of eight hundred and fifteen dollars and seventy cents due him for such labor on November 15, 1891; and it was admitted by appellant on the trial that defendants were mining copartners when plaintiff was employed, and so continued until July 2, 1891.

It was found by the court that on July 2, 1891, defendants sold and conveyed by deed the mine on which they had theretofore worked as copartners to a corporation, which thereafter had control of the mine and the work therein; and that the deed to the corporation was duly recorded July 10, 1891.

1. It is contended for appellant that upon the sale of his entire interest in the mine he ceased to be a partner, and consequently ceased to be responsible to plaintiff for the labor thereafter performed, which appears to have been more than one-half of all the labor performed by plaintiff.

In answer to this the respondent relies upon section 2453 of the Civil Code, as applied to the further findings of the court to the effect that plaintiff had no notice of the sale of the mine to the corporation, nor that either

of the defendants had withdrawn from the copartner-
ship, nor that the corporation had assumed control or
management of the mine; that Foley continued to act
as superintendent of the mine and work after the sale,
precisely as he had done at all times before the sale;
that appellant resided in San Francisco, and never per-
sonally participated in the working or management of
the mine, but had intrusted the superintendency and
management of the mine and the work to Foley, who
employed the plaintiff; and that no payment had been
made to plaintiff for any part of said work before No-
vember 12, 1891, when Foley, for the first time, audited
and allowed plaintiff's account, without notifying him
that any part of the labor had been performed for the
corporation, or that the corporation was responsible to
him for any part thereof.

The finding of these facts is justified by the evidence;
and if section 2453 is applicable to mining copartner-
ships, the facts found warrant the conclusion of law
that the defendants were jointly bound to pay plaintiff's
whole demand.   The following is a copy of section 2453
of the Civil Code:   "The liability of a general partner
for the acts of his copartners continues, even after a dis-
solution of the copartnership, in favor of persons who
have had dealings with and given credit to the partner-
ship during its existence, until they have had personal
notice of the dissolution, and in favor of other persons
until such dissolution has been advertised in a news-
paper published in every county where the partnership
at the time of its dissolution had a place of business, if
a newspaper is there published, to the extent, in either
case, to which persons part with value in good faith
and in the belief that such partner is still a member of
the firm."

Counsel for appellant contends, however, that this
section is not applicable to mining copartnerships; but
in this, I think, he is mistaken.   The law governing
general copartnerships, with a few well-defined excep-
tions, applies to mining copartnerships; therefore, a

mining copartner who claims exemption from the general law of partnerships must show his case to be within some one of those exceptions. This appellant has failed to do; and I see no just reason for excepting the case of appellant from the full operation and effect of the above cited section of the Civil Code, it being a part of the general law of partnerships, and its application to this case not being inconsistent with any exception heretofore recognized in favor of mining partnerships. (*Jones* v. *Clark*, 42 Cal. 180; *Stuart* v. *Adams*, 89 Cal. 367.) As to the "personal notice of the dissolution" required by the code section cited, see *Johnson* v. *Totten*, 3 Cal. 343, 58 Am. Dec. 412, and *Williams* v. *Bowers*, 15 Cal. 321, 76 Am. Dec. 489. The notice must have been actual. The deed to the corporation was not even constructive notice to plaintiff of the sale.

The plaintiff testified that he had no notice of the sale before November 15, 1891, though he admitted that he had heard around the mine, in the summer of 1891, that the corporation had *taken charge* of the mine. If this admission tended to prove actual notice that appellant had parted with his entire interest in the mine, it only created a slight conflict with the evidence of a contrary tendency; namely, the positive testimony of plaintiff that he had no notice, corroborated by the circumstances that Foley had continued to act as superintendent and manager, and had audited and allowed plaintiff's account up to November 12, 1891, without notifying him of the sale or intimating that Foley had withdrawn from the partnership, and that the labor performed by plaintiff was principally, if not entirely, that of cutting wood and timbers, necessarily at considerable distance from the mine; besides, Foley testified that he did not remember that he had ever notified plaintiff of the sale or of any change in the partnership. In this state of the evidence, the finding of the court that plaintiff had no notice must be taken as conclusive. It is further contended that the code section quoted applies only in case of a *dissolution* of a partnership, and not to

the case of a mining partnership which is not *wholly* dissolved by a sale of the interest of one member of the firm. But I think the sale of his entire interest by a mining copartner does effect a dissolution as to him. It dissolves his connection with the concern; and the necessity of notice of such dissolution to third persons dealing with the firm is the same, if not greater, than in case of the dissolution of an ordinary partnership. Besides, when, as in this case, a mining copartnership conveys all its property to a corporation, such partnership is thereby necessarily and wholly dissolved in the sense of ceasing to exist.

2. No payment having been made to plaintiff, he, on November 12, 1891, demanded of Foley a settlement and payment. A settlement was then made for the whole work performed by plaintiff, without distinguishing between that done before and that done after the sale to the corporation; whereupon there was found to be due plaintiff for such work the sum of fourteen hundred and fifteen dollars and seventy cents. Foley then told plaintiff that he could not then pay the whole debt; that the best he could do was to pay six hundred dollars and give his promissory note for the balance of eight hundred and fifteen dollars and seventy cents. Plaintiff asked for an indorser of the note, but, failing to get one, consented to take, and did take, the proffered six hundred dollars and Foley's note for the balance and then gave Foley the following receipt:

"Received from P. Foley fourteen hundred 70–100 dollars for timbers supplied for Gaston Ridge Mine."

The taking of Foley's note and the giving of this receipt were pleaded by the appellant as payment in full of plaintiff's demand; and, also, as a release of the appellant, although no part of the debt for which the note was given had been paid, and plaintiff had duly offered to surrender the note.

The court found that the note was not given, accepted, nor intended as payment of any part of the eight hundred and fifteen dollars and seventy cents therein men-

tioned; that no part of said sum had been paid, although duly demanded after maturity of said note; that Foley was unable to pay his debts in full at the time he made said note, and was wholly insolvent at the time this action was commenced; and that plaintiff never released appellant from his obligation to pay the debt for which said note was given.

These findings are justified by the evidence, and support the conclusions of law deduced therefrom by the lower court.

Without the intention, and an express agreement of the parties, that the making and acceptance of the note should operate as payment or satisfaction of the original debt, to secure which it was given, it did not so operate, though it may have suspended the right of recovery until the maturity of the note. (*Smith* v. *Owens,* 21 Cal. 23; *Brown* v. *Olmsted,* 50 Cal. 165; *Tolman* v. *Smith,* 85 Cal. 287; *Savings etc. Soc.* v. *Burnett,* 106 Cal. 514, and cases there cited.) Nor does the transaction as found in this case constitute a novation. (*Haubert* v *Mausshardt,* 89 Cal. 433.) Neither can it be deemed an *accord* and *satisfaction,* since neither an accord nor a satisfaction was proved. (*Simmons* v. *Oullahan,* 75 Cal. 508; *Holton* v. *Noble,* 83 Cal. 7.)

I think the judgment and order should be affirmed.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.