GRANGERS' BANK OF CALIFORNIA et al. v.
SHUEY et al.

S. F. No. 910; December 15, 1898.

55 Pac. 682.

**Banking—Overdraft.—A Bank Took a Mortgage as Security**
for an overdraft, and later a note for the amount due on the draft,
as a matter of bookkeeping, but with the agreement that it was not
a payment of the account. The mortgage recited that it was to
stand as security for whatever indebtedness to the bank might result
from the account at any particular period. Held, to justify a finding
that the note was not given in final payment, and that the lien still
subsisted.[1]

**Appeal.—Where Evidence is Conflicting on a Vital** question of
fact, the appellate court cannot pass on the question of preponderance
of the evidence.

APPEAL from Superior Court, Contra Costa County.

Action by the Grangers' Bank of California and others
against J. A. Shuey and others. There was a judgment for
plaintiffs, and defendant the Union Savings Bank appeals.
Affirmed.

A. A. Moore and Thos. D. Corneal for appellant; E. S.
Pillsbury and F. D. Madison for respondents.

CHIPMAN, C.—Foreclosure. Defendants J. A. Shuey
and his wife, Lelia, on January 20, 1893, executed to plaintiff
bank (hereinafter referred to as respondent) a deed of trust,
intended as a mortgage, duly recorded January 25, 1893, to
secure the overdraft of defendant J. A. Shuey. At that time
this overdraft amounted to $6,387.30. On February 27, 1895,
Shuey executed to defendant bank (hereinafter referred to as
appellant) a mortgage on the premises included in the deed
of trust given respondent, which was duly recorded March 29,
1895, actual notice of which came to respondent April 19,
1895. On June 10, 1895, this action was brought to foreclose
respondent's mortgage, the amount secured thereby then being
$6,136.19. Appellant, by its cross-complaint, put in issue the

---

[1] Cited in the note in 35 L. R. A., N. S., 88, on payment by com-
mercial paper.

amount due respondent on the overdraft, and claimed that the lien of the respondent had been fully paid and satisfied. One of the items of respondent's account was a promissory note for $5,500, given to respondent August 5, 1893, on which date its overdraft account was credited by this amount. The running account in respondent's ledger "showed the following credit: '1893, August 5th, by note secured by deed of trust, $5,500'; and the following debit item: '1895, May 2d, note and int. of August 5, 1893, $5,883.80.' " The contention of appellant now is that this $5,500 note (amounting May 2, 1895, to $5,883.80) was given in final payment, and to that extent respondent's lien was discharged; and the only question presented is whether such was the effect of the note.

It appears in evidence that respondent took this note in compliance with certain previous resolves of the clearing-house of San Francisco to abandon and discontinue the practice of allowing current overdraft accounts. Respondent was a member of the clearing-house, and agreed with its other members to carry out the new policy. This agreement, with some other facts and circumstances, is relied upon by appellant as showing that the note was taken in payment of the overdraft, thus discharging respondent's lien, and that the court erred in finding that the amount was secured by respondent's mortgage. Counsel on both sides agree to the well-settled proposition of law that the taking of a note for a pre-existing debt is not payment unless it be expressly agreed that it shall be so considered: Savings etc. Soc. v. Burnett, 106 Cal. 514, 39 Pac. 922; Dellapiazza v. Foley, 112 Cal. 380, 44 Pac. 727. The real question in the case, therefore, resolves itself into one of fact.

Mr. Montpellier, president of the respondent bank, testified that "at the time the note was taken it was expressly understood and agreed that it should not be considered as payment, in whole or in part, of the current account; that the note was a matter of accommodation for the books of the bank, and was secured by deed of trust." He was asked on cross-examination if he stated these things to Mr. Shuey in words, and he answered: "Yes, sir. Q. Did you state all those things to Shuey? A. Yes, sir, certainly; distinctly and clearly." It also appeared from the evidence that when Shuey gave the mortgage to appellant he informed the president of the appellant bank, and he also told its vice-president and cashier,

that the respondent had a deed of trust to secure this note. Respondent's deed of trust contained the provision that "this conveyance shall stand as security for whatever indebtedness to the bank may be the result of said account at any particular period."

There was evidence to justify the court in finding that the note was not given in final payment, and in treating the overdraft account as unchanged. Having so concluded, the court very properly held that the lien still subsisted and was prior to appellant's lien. The principle is correctly stated in Jones on Mortgages, at page 924: "No change in the form of indebtedness or in the mode of payment will discharge the lien. A mortgage secures the debt, and not the note or bond or other evidence of it. Nothing short of the actual payment of the debt, or an express release, will operate to discharge the mortgage. The mortgage remains a lien until the debt it was given to secure is satisfied, and is not affected by a change of the note or by giving a different instrument as evidence of the debt." The most that can be claimed by appellant is that the evidence is conflicting upon the vital question of fact here involved. In such case we are not at liberty to pass upon the question of preponderance of the evidence. The judgment and order should be affirmed.

We concur: Haynes, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.