[Civ. No. 1125. First Appellate District.—February 13, 1913.]

# HIRAM KENISON, Respondent, v. A. C. CAMPBELL, Appellant.

ACTION TO RECOVER FOR SERVICES RENDERED—COMPLAINT.—A complaint in an action for a balance unpaid for services rendered defendant by plaintiff at the former's special instance and request at an agreed compensation, is not uncertain in alleging that the services were rendered "upon an open, current book account." That phrase may be disregarded.

ID.—INTEREST—UNCERTAINTY IN DEMAND FOR.—No injury results to the defendant from any uncertainty in the plaintiff's demand for interest, if the court allows no interest prior to the filing of the complaint.

ID.—CONSIDERATION FOR NEGOTIABLE INSTRUMENT—PLEADING.—In counting upon a negotiable instrument it is not necessary to allege a consideration, for it is presumed.

ID.—EVIDENCE—SUFFICIENCY TO SUSTAIN FINDINGS.—In this action to recover for services rendered by the plaintiff for the defendant, and also for money loaned, the evidence warranted a finding for plaintiff and a denial of defendant's counterclaim.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

W. C. Cavitt, for Appellant.

Hillyer, Stringham & O'Brien, for Respondent.

HALL, J.—This is an appeal, taken by defendant within sixty days from the entry of a judgment against defendant and in favor of plaintiff, for the sum of three hundred and twenty-five dollars and legal interest thereon from the filing of the complaint to the entry of judgment.

The complaint is in three counts. The first count states a cause of action for a balance of $290.25 unpaid, for services rendered defendant by plaintiff at defendant's request, as clerk, salesman, and laborer at the agreed compensation of $2.50 per day.

In the second count plaintiff sues upon a check for the sum of $424.85, drawn upon the First National Bank of San Francisco, payable to plaintiff or order, signed and delivered by defendant to plaintiff.

The third count sets up a claim for compensation for services rendered by the wife of plaintiff to defendant, but as the court found that such services were rendered gratuitously and allowed plaintiff nothing therefor, it is eliminated from the case.

Appellant demurred generally and specifically to each of the counts, and now urges that the court erred in overruling said demurrer.

There can be no question but that the first count alleges a good cause of action for services rendered at an agreed compensation. The only complaint now urged is that the count is uncertain in that it is alleged that the services were rendered "upon an open current book account."

But the phrase "upon an open, current book account" may be disregarded, and the count is without fault as an action to recover a balance unpaid for services rendered plaintiff by defendant at his special instance and request at an agreed compensation of $2.50 per day.

Whatever uncertainty or ambiguity may exist from the use of the words criticised it is clear that appellant was not injured by the ruling of the court thereon, for the court in its findings ignored these words, and made findings responding to the issues as made by the pleadings, omitting the criticised words.

It is claimed that no cause of action is stated as to the check, because no consideration for the giving of the check is alleged.

In counting upon a negotiable instrument it is not necessary to allege the consideration, as a consideration is presumed. (1 Chitty on Pleading, 293; *Moore* v. *Waddle*, 34 Cal. 145.)

No injury was done appellant because of any uncertainty as to plaintiff's demand for interest, as the court allowed no interest prior to the filing of the complaint.

No error to the possible injury of appellant was committed by the court in overruling appellant's demurrer.

Appellant in his answer set up that both the claim of plaintiff for services rendered and the check had been fully paid, and also pleaded various matters by way of counterclaim. Among other things pleaded by way of counterclaim is a demand for rent against plaintiff for certain premises occupied by him and his wife while working for appellant.

The court found that plaintiff had rendered services for defendant at his special instance and request within two years prior to the filing of the complaint, for 113.1 days at the agreed compensation of $2.50 per day, and that the same was unpaid. This would amount to $282.75.

The court also found that appellant had not repaid to plaintiff the $424.85 represented by the check, which check appellant in his answer claimed had been given as a receipt for that amount of money, or its equivalent, deposited with appellant by plaintiff, and which the proof clearly showed was a valid demand for that amount against defendant by plaintiff.

The court found various sums to be owing to appellant upon several of his counterclaims, and as a result found that on the twenty-third day of December, 1910, (the date of filing the complaint) defendant was indebted to plaintiff on account of services and money delivered by him to defendant, in the sum of three hundred and twenty-five dollars after deducting the set-offs to which defendant was entitled.

Appellant attacks the sufficiency of the evidence to support the findings made in favor of plaintiff.

The evidence shows that from November 1, 1907, to the eighteenth day of March, 1910, plaintiff was employed by defendant to run a coal yard for defendant for a compensation of $2.50 per day. There is no dispute but that the check for $424.85 represented money in effect loaned by plaintiff to defendant. Plaintiff in running the coal yard made collections and payments, for which he made accountings to defendant from time to time. Defendant kept an account of all these transactions, and produced at the trial his account as kept by himself with plaintiff. In this account he had credited plaintiff with his wages month by month, and also with the $424.85 represented by the check. He had charged plaintiff with all that he, defendant, claimed should be charged against plaintiff, including the charge of two

hundred and twenty dollars for rent, and as a result his account as kept by himself showed that he, defendant, owed plaintiff a balance of one hundred and forty-five dollars.

At the conclusion of his testimony, after he had gone through his account in much detail, in answer to a question by the court, he stated that he owed plaintiff a balance of one hundred and forty-five dollars. His counsel, for him, made the same admission in open court. In arriving at this balance, however, appellant charged against plaintiff two hundred and twenty dollars for rents. But the court found that the premises, for which these rents were claimed, were not let by defendant to plaintiff, but that the occupation thereof by plaintiff was for the convenience and benefit of defendant, and accordingly allowed defendant nothing therefor.

If this finding is supported by the evidence it is perfectly manifest that the substance of the findings in favor of plaintiff is amply supported by the evidence. For, adding to the balance of one hundred and forty-five dollars, admitted by defendant to be owing plaintiff, the item of two hundred and twenty dollars for rents, which defendant had charged against plaintiff in order to bring the balance to one hundred and forty-five dollars in favor of plaintiff, we have a balance owing to plaintiff of three hundred and sixty-five dollars, which is more than the court allowed him.

It only remains to determine whether or not the action of the court in disallowing the claim of defendant for rents can be supported.

The evidence as to the circumstances concerning the occupation of the premises by plaintiff, for which defendant sought to charge him with rent, is not as full and complete as it might be. This may be accounted for because the court early in the trial announced that he would not allow any offset for rent. From the record it does appear, however, that after plaintiff had worked for some time for defendant in running his coal yard, the defendant made some repairs to a house, upon the premises used for a coal yard, which house had been at one time used for a dairy. Plaintiff and his wife thereafter lived in this house, but defendant never said anything to them about paying rent therefor, and at none of the monthly statements made with plaintiff was anything said about rent nor any charge made therefor upon the account

kept by defendant with plaintiff, until the last of September, 1909, when the entire charge for fourteen months was entered as one item. The occupation of the house had terminated with the month of June, 1909, and had commenced in May, 1908. During all this time the coal yard had been run by plaintiff, without other help than such as was rendered him by his wife, who during his absence from the yard in delivering coal or the like, attended to such matters as required attention, and especially in the matter of taking orders from customers. This she could readily do because of residing at the yard.

From all these circumstances it is probable that it was never intended by defendant that plaintiff should pay for the occupation of the house, but that it was furnished him in order that plaintiff could the better, with the help of his wife, attend to the business of defendant. This is evidently the view that the learned trial judge took of the situation, and we cannot say that it was not supported by the circumstances in evidence.

For this reason the action of the court in finding against defendant's claim for rent in the sum of two hundred and twenty dollars finds support in the evidence.

As a result of this finding and the admission of defendant that he owed a balance to plaintiff of one hundred and forty-five dollars after charging plaintiff with two hundred and twenty dollars for rent, it is clear that plaintiff was entitled to recover of defendant at least three hundred and twenty-five dollars which is what the court found to be due and unpaid him from defendants after deducting all set-offs, and for which judgment was rendered.

The findings attacked by appellant are thus supported by the evidence.

No other point is relied upon for reversal.

The judgment appealed from is affirmed.

Lennon, P. J., and Murphey, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 9, 1913.