[Civ. No. 7792. Second Appellate District, Division Two.—May 19, 1933.]

WOODHEAD LUMBER COMPANY (a Corporation), Respondent, v. E. G. NIEMANN INVESTMENTS, INC. (a Corporation), et al., Defendants; DETROIT FIDELITY & SURETY COMPANY (a Corporation), Appellant.

Lobdell & Watt for Appellant.

O. R. Hansen and Wendell P. Hubbard for Respondent.

CRAIG, J.—In an action commenced in Los Angeles County against the owner and its surety for the alleged value of services and materials furnished in construction of an apartment house, judgment was rendered in favor of the plaintff and against the surety. The appellant assigns an asserted insufficiency of the evidence as a ground for reversal.

It is conceded by the parties that the pivotal question to be determined is whether payment to the respondent had been made by the owner. A building loan on said premises was secured by a first deed of trust, and was followed in order of execution and record by a promissory note and second deed of trust which was executed by the owner in favor of the respondent. The latter was also indemnified by the appellant upon condition that the principal should fail to "pay in full the claims of all persons performing labor upon or furnishing materials to be used in such work". It is the appellant's contention that said second deed of trust and note thereby secured constituted payment for the materials and services furnished and that the finding of the trial court that said amount was due, owing and unpaid was erroneous. It appeared that in pursuance of its contract and the bond in suit the respondent had set up a credit designated "trust deed account" on its books, to which charges aggregating the amount of its demand were made as materials were delivered to the owner's premises. After the commencement of work upon the structure the owner became insolvent, the first deed of trust was foreclosed, and the property was sold at a price which left a deficiency, rendering the respondent's security valueless and said "trust deed account" of no significance. The owner, who also was principal in said bond, failed to pay for the same. It was alleged by the appellant's answer that the indemnity bond in question was intended only for the holder of the first deed of trust as sole obligee. On the contrary, it expressly recited that the original obligee had made the first loan upon condition that the principal indemnify

it "against any and all loss arising by reason of the failure of the principal to fully complete said apartment house", and "*pay in full the claims of all persons performing labor upon or furnishing materials* to be used in such work". The agreed sources of payment having become fruitless, the principal failed to fulfill its obligations, and that of the surety became binding and enforceable. It then resulted that the finding of fact that the indebtedness to the respondent had not been paid but was still due and owing was proper, unless the acceptance of said note and deed of trust concluded the respondent's rights to recourse for the value of its services and materials. The principal's promissory note to the respondent, no longer secured, promised that "should default be made in payment of any installment of principal or interest when due, the whole sum of principal and interest shall, at the option of the holder of this note, become immediately due". Said owner was also required "to furnish a lien and completion bond to cover this building", neither of which was thus furnished. ■ It is the general rule that nothing is to be considered as payment in fact but that which is in truth such unless something else is expressly agreed to be received in its place; and that if a note so given be not paid action may be had upon the original debt. (*Westberg* v. *Whittiken,* 101 Cal. App. 204 [281 Pac. 509].)

The judgment is affirmed.

Stephens, J., and Archbald, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 17, 1933.