[Civ. No. 1464.   Fourth Appellate District.—January 15, 1935.]

HUALDE RANCH COMPANY (a Corporation), Appellant, v. J. L. BEEBE et al., Respondents.

Launer & Thompson, Forgy, Reinhaus & Forgy and A. M. Bradley for Appellant.

Orbison & Irwin for Respondents.

BARNARD, P. J.—This is an action on a promissory note to recover judgment for the deficiency remaining after a sale of certain real property under a trust deed given to secure the note. The complaint set forth a copy of the note and all necessary averments in relation thereto and, in apparent anticipation of certain defenses, alleged that the note and the trust deed securing the same were given in connection with a transaction whereby the plaintiff sold the real property in question to the defendants under a contract of sale followed by the closing of an escrow and the deeding of the property. Among other things, the complaint alleged that the plaintiff had fully complied with all of the terms of the contract which initiated the sale referred to. The answer admitted the execution of the note but as a defense thereto alleged a partial failure of consideration.

At the trial, after introducing the note and making out a *prima facie* case with respect thereto, the plaintiff introduced certain evidence in an attempt to show that there was no failure of consideration and that it had fully performed all of the terms of the original contract which were by it to be performed. An objection to the introduction into evidence of the deed by which the plaintiff had conveyed the property in question to the defendants was sustained on the ground that there was a variance between the deed actually given and the deed called for by the original contract. At the close of the plaintiff's case a motion for a nonsuit was made on the grounds that the evidence disclosed a partial failure of consideration, that it failed to show that the plaintiff had fully complied with all of the requirements of the original contract, and that there was nothing before the court to show that the land had been conveyed by the plaintiff to the defendants. This motion was granted and judgment of dismissal was entered, from which this appeal was taken.

It is well settled that in an action upon a negotiable instrument it is not necessary to allege or prove a consideration and that allegations in the complaint in relation thereto

are surplusage. (*Kenison* v. *Campbell,* 21 Cal. App. 193 [131 Pac. 89]; *Poirier* v. *Gravel,* 88 Cal. 79 [25 Pac. 962]; *Cordes* v. *Harding,* 27 Cal. App. 474 [150 Pac. 650].) In the last-named case, the court said:

"The execution of a written instrument is presumptive evidence of the existence of a consideration (Civ. Code, sec. 1614), and therefore the averment of the plaintiff's complaint as to the existence and character of the consideration was mere surplusage. The burden of pleading and proving the lack of a consideration sufficient to support a written instrument is upon the party seeking to avoid it upon that ground. (Civ. Code, sec. 1615.)"

.In *Bell* v. *Pleasant,* 145 Cal. 410 [78 Pac. 957, 104 Am. St. Rep. 61], the court said:

"Defendants claim that plaintiff must prove that defendants had notice because it is one of the facts alleged in her complaint and denied in the answer. This, however, is not the test. The plaintiff was obliged to prove only those facts which were necessary to constitute her cause of action. If she has alleged some fact not necessary to her case, but which is in effect a traverse of some fact which might have been alleged in defense to her action, and the defendant denies such allegation, this does not change the burden of proof, nor require the plaintiff to introduce any evidence upon that subject, until the defendant has produced evidence thereon which makes rebuttal evidence on her part necessary. She is not obliged thus to anticipate a possible defense."

■ This nonsuit was granted on the ground that the appellant had failed to prove certain averments in the complaint which were surplusage and which it was not required to prove. And the court excluded certain evidence which, in the regular order of proof, would have been entirely proper as rebuttal, excluding the same only because it did not fully conform to certain allegations of the complaint which were then immaterial. ■ Under our system of pleading, the allegations of an answer are deemed denied as a matter of law and, in the regular course of procedure, a plaintiff has a wide latitude in meeting a defendant's evidence and any rebuttal thereof is not limited by the strict allegations of the complaint. The appellant here was deprived of this substantial right. ■ While a court may

exercise a wide discretion in permitting evidence to be received out of order, it may not grant a nonsuit on the ground that evidence thus received is not sufficient to prove a fact which is at that time immaterial, and especially is this true where important evidence has been excluded which would have been available to the plaintiff if the regular order of taking proof had been observed. In the state of the record at the time this motion for a nonsuit was granted the appellant's *prima facie* case was complete, and the only failure of proof on its part was as to a matter which was then immaterial.

Whether or not there was any partial failure of performance of the original contract on the part of the appellant and whether or not full performance thereof was waived by the respondents are questions which should be decided only after hearing the respondents' evidence and after giving the appellant the opportunity of rebuttal to which he is entitled under our rules of pleading and practice.

The judgment is reversed.

Marks, J., and Jennings, J., concurred.