[Civ. No. 22990.   Second Dist., Div. Three.   Sept. 16, 1958.]

THE HOLLYPARK REALTY COMPANY (a Corporation), Respondent, v. JOSEPH B. MacLOANE et al., Appellants.

Spiegel, Turner & Wolfson, Albert A. Spiegel and Gerald G. Wolfson for Appellants.

Robert N. Aran for Respondent.

THE COURT.—Defendants appeal from a judgment against them in the sum of $5,500 plus attorneys' fees.

By its complaint in this action the plaintiff alleged that on June 3, 1956, the defendants delivered to the plaintiff their promissory note in the sum of $5,500 by the terms of which they promised to pay, 29 days after date, to the order of "Hollypark Realty, Trust Account," the sum of $5,500 without interest and, in case of suit, to pay an additional reasonable sum as attorneys' fees. It further alleged that by the terms of the note defendants promised to pay plaintiff the sum of $5,500 on or before July 2, 1956, without interest and that no part of said sum of $5,500 had been paid.

By their answer, the defendants denied all the allegations of the complaint and in addition thereto alleged certain special defenses including want of consideration. The details of these special defenses pleaded are not material in view of the conclusion which we have reached.

The plaintiff seeks to enforce the note pleaded as the trustee of an express trust and not as the beneficial owner and holder of the note. At the trial the plaintiff did not content itself as it might have with proof of the execution of the note and

that plaintiff was the holder thereof but, in addition thereto, introduced evidence which established the following facts: The plaintiff had been employed as a real estate broker by one Westerman and his wife to sell an apartment house commonly known as 11620 South Crenshaw Boulevard, Inglewood. On June 3, 1956, the property was being shown as an "open house" by one Stein, a real estate salesman employed by the plaintiff, and on that day Stein showed the defendants through the property as well as other properties and thereafter took them to the office of the plaintiff where he prepared two instruments; the first in the form of a deposit receipt. This deposit receipt is very uncertain in its terms but the body thereof, in substance, provides as follows: That Stein, as a broker, acknowledged the receipt of "$5,500 form note" to be applied on the purchase price of $55,000 for the subject property; that the terms of sale were that the buyers were to assume existing first and second trust deeds in the approximate aggregate amount of $37,500; give their note secured by a third deed of trust in the approximate sum of $6,000 and make a cash down payment of $11,500 (this includes the $5,500 evidenced by the note).

The defendants signed an endorsement on this receipt by which they agreed to purchase the property upon the above terms. At the same time Stein drafted and the defendants signed the note sued upon. The note on its face showed it was given as a deposit upon the subject property. On the same day Stein took the original and a copy of the deposit receipt and the note to the owners and they signed endorsement on the deposit receipt agreeing to sell the property upon the terms set forth in the receipt. Stein left a copy of the deposit receipt with the sellers but retained the note. On the same day he notified defendants that the owners had accepted the offer. On the following day Stein caused to be prepared escrow instructions. He then telephoned the defendants who advised him they could not raise the money to purchase the property and that they did not intend to go through with the deal. Thereafter Stein notified the owners of defendants' repudiation of their contract and at some later date caused the owners to sign the escrow instructions. The owners did not deposit in the escrow any deed or other instrument of conveyance.

Thereafter the owners sold the subject property to third persons at a purchase price of $51,000. This sale took place after the present action was at issue.

■ Although the defendants did not amend their answer so as to plead the fact that seller had sold the subject property and had thereby discharged defendants' obligation under the note, the evidence to this effect having been offered by the plaintiff, the issue of discharge of the obligation was clearly before the court and is determinative of the present action. (*Smith* v. *Smith,* 115 Cal.App.2d 92, 99 [251 P.2d 720]; *Moeller* v. *Packard,* 86 Cal.App. 459, 460 [261 P. 315]; *Kalmus* v. *Cedars of Lebanon Hospital,* 132 Cal.App.2d 243, 246 [281 P.2d 872]; 39 Cal.Jur.2d 456, 457.)

■ When the defendants repudiated the contract the owners had a choice of remedies which they might pursue. They might have sued for specific performance (assuming that the contract was certain enough and that the other conditions to specific performance were present). (*Laske* v. *Lampasona,* 89 Cal.App.2d 284, 287-289 [200 P.2d 871].) They might have treated the contract as breached and have sued the defendants for damages they suffered by reason of the breach. (*Backman* v. *Park,* 157 Cal. 607 [108 P. 686, 137 Am.St.Rep. 153]; 25 Cal.Jur. 772; Civ. Code, § 3307.)

■ If they chose the first remedy the owners were obligated to be in a position to convey the property to the defendants. (*Kelly* v. *Mack,* 45 Cal. 303; *Smith* v. *Taylor,* 82 Cal. 533, 541 [23 P. 217]; 23 Cal.Jur. 499; 25 Cal.Jur. 772, 773.)

■ When the owners elected to sell the property to a third person they terminated the contract of purchase and no longer had the right to pursue either of the two remedies above-mentioned. By terminating the contract they terminated the defendants' obligation to pay the contract price or any part thereof. (*Glassell* v. *Coleman,* 94 Cal. 260, 266-268 [29 P. 508]; *Yakoobian* v. *Johnson,* 102 Cal.App. 10, 14 [282 P. 522]; *California Raisin Pool* v. *Balian,* 139 Cal.App. 343, 348 [34 P.2d 227].)

The note sued upon was not given in payment of the contract price but merely evidenced defendants' obligation as to a part of that contract price. ■ A note given which evidences an antecedent or contemporaneous obligation is not payment of that obligation unless the parties expressly agree that it shall be taken in payment or the facts are such as to compel that inference. (*Dellapiazza* v. *Foley,* 112 Cal. 380, 386 [44 P. 727]; *Woodhead Lumber Co.* v. *E. G. Niemann Investments,* 132 Cal.App. 115, 117 [22 P.2d 252]; *Weger* v. *Rocha,* 138 Cal.App. 109, 117 [32 P.2d 417]; 38 Cal.Jur.2d 256-257; 40 Am.Jur. 775-777.)

Here the evidence clearly shows that the note was not given in payment of the obligation but only as evidence of it.

The plaintiff sued for that portion of the contract price evidenced by the note. When, however, the owners sold the subject property they terminated the obligation which the note evidenced and the note thereupon ceased to be an obligation binding upon the defendants. After the sale of the property the defendants were no longer obligated to pay the purchase price and the owners could not enforce its payment. The plaintiff has no right beyond theirs.

The evidence offered by the plaintiff having conclusively shown that, at the time of trial, the obligation sued upon had been discharged, the findings and judgment are contrary to the evidence.

The judgment is reversed with directions to enter judgment for defendants.