FOURT, J.
 

 This is an appeal from a judgment in an action on a promissory note.
 

 Plaintiff filed a complaint in Los Angeles County alleging, among other things, that on August 13, 1957, in Beverly Hills
 
 *37
 
 the defendant made and delivered to her his promissory note in the principal sum of $10,500 payable in monthly installments of $100 commencing September, 1957, and continuing each month until the entire sum was paid. The note also provided that in the event of a default the holder could declare the full amount due and payable and also for attorney’s fees. She alleged that no payments had been paid thereon and declared the whole amount due and payable. In a second cause of action, plaintiff alleged that prior to September 11, 1957, the plaintiff and defendant were husband and wife; that plaintiff decided to divorce the defendant and brought an action for that purpose in Clark County, Nevada; that incidental to the divorce the note was executed; that incidental to the divorce the plaintiff and defendant on August 13, 1957, executed an agreement under the terms of which the defendant agreed to pay plaintiff in lieu of alimony, support and maintenance, the sum of $10,500 in monthly installments of $100 each commencing September 30, 1957. The defendant was represented by an attorney in that proceeding and was served with a copy of the divorce proceedings and his counsel appeared at the trial. Judgment of divorce was granted plaintiff on September 11,1957.
 

 The defendant answered the complaint with which we are now concerned and in effect admitted that no installments had been paid, denied the other allegations contained therein and denied that he owed the $10,500. As a separate defense he alleged that as incidental to the divorce proceedings he executed the note and also he executed an agreement dated August 13, 1957, “under the terms of which, among other things, the defendant agreed to pay the plaintiff, in lieu of alimony, support and maintenance the sum of $10,500 in monthly installments of $100.00—.” That a divorce was granted in the Nevada Court on September 11, 1957, that the note and the agreement were incorporated in the court’s decree of divorce and by the court made an integral part thereof. Further, that the plaintiff married Kenneth Kester on October 15, 1957, and that such marriage terminated all of the defendant’s obligations to pay the plaintiff any sums for alimony, support and maintenance. As a further defense, defendant alleged that there was no consideration given by the plaintiff nor received by the defendant for the promissory note.
 

 The court found that all of the allegations contained in the plaintiff’s first cause of action were true and that:
 

 
 *38
 
 “It is true that on the 13th day of August, 1957, for good and valuable consideration, said consideration not being for, or based on alimony, support or maintenance of, or for, plaintiff, the defendant executed a promissory note in the principal sum of $10,500.00 in favor of the plaintiff.
 

 “Except as hereinabove expressly found, none of the denials contained in the defendant’s answer to the complaint on file herein are true.” The court gave judgment for the plaintiff on the first cause of action in the amount of the note plus $500 attorney’s fees and costs.
 

 At the trial there was testimony to the effect that the defendant had signed the note. The note, the agreement of August 13, 1957, a certified copy of the divorce decree of the Nevada Court and a certified copy of the marriage certificate of the plaintiff to Kester were received in evidence. The defendant represented himself during the first part of the proceedings. At that time he stated, among other things, “The note is part and parcel of the cancellation of alimony in the property settlement, as it is stated in the agreement.” The court asked the defendant “Isn’t this note given in lieu of alimony and support, Doctor?” and there was no response. Later, the defendant secured counsel to represent him and at a further hearing of the case a motion was made and granted to strike from the defendant’s answer the words “in lieu of” to the end that the answer would read in effect that the plaintiff and defendant executed an agreement on August 13, 1957, under the terms of which the defendant agreed to pay the plaintiff alimony, support and maintenance in the sum of $10,500.
 

 The appellant contends that the findings are not supported by the evidence and that the judgment is against the law.
 

 The agreement of August 13, 1957, provided in part as follows:
 

 “Whereas, it is the mutual desire of the parties to settle all community and other property rights,
 
 if any,
 
 and particularly the support and maintenance of the Wife,
 

 “Now, Therefore, for and in consideration of the mutual covenants and agreements of the parties hereinafter contained, the parties agree with each other as follows:
 

 ((
 

 “2.
 
 The parties mutually acknowledge that at the date hereof, they do not have any community property; that any equity they may have in and to any automobiles standing in
 
 *39
 
 the name of each is, and shall be, the sole and separate property of the person in whose name the same be vested.
 

 <<
 

 “6. The Husband agrees to pay the Wife, and the Wife agrees to accept from the Husband, in full payment of all of her rights to alimony, support and maintenance, the sum of Ten Thousand Five Hundred ($10,500.00) Dollars, payable in lawful money of the United States, in installments of One Hundred ($100.00) Dollars per month, commencing September 30, 1957, and continuing each and every month until said full sum of $10,500.00 shall have been paid, unless citherparty dies before the said amount is fu-l-ly paid i» which ease the balance then due and owing shall be canceled; RDR (Note : This is typed this way to indicate that in the agreement it was crossed out and initialled by the husband. W. J. Fourt.) Further, the Husband agrees to evidence such indebtedness by a good and sufficient Promissory Note, which he will execute in favor of and deliver to the Wife after execution hereof, which Note shall embody the terms in this paragraph contained. As aforesaid, the Wife accepts said sum in full payment and settlement of any and all
 
 property rights
 
 of the parties, and all rights, past, present and future, to alimony, support and maintenance.” (Emphasis added.)
 

 The note was in the usual form. It is presumed to have been given for a sufficient consideration and once in evidence a prima facie case was established.
 
 (DeTray
 
 v.
 
 Higgins,
 
 31 Cal.App.2d 482 [88 P.2d 241] ;
 
 Rodabaugh
 
 v.
 
 Kauffman,
 
 53 Cal.App. 676 [200 P. 747] ; Civ. Code, § 1614; Code Civ. Proc., § 1963, subd. 39.)
 

 [ 2 ] In an action upon a promissory note it is not necessary to allege or prove consideration.
 
 (Hualde Ranch Co.
 
 v.
 
 Beebe,
 
 3 Cal.App.2d 592 [40 P.2d 545].) The burden was upon the defendant to show want of consideration and this he failed to do.
 
 (DeTray
 
 v.
 
 Higgins, supra; Thom
 
 v.
 
 Stewart,
 
 162 Cal. 413, 421 [122 P. 1069]; Civ. Code, § 1615.)
 

 It is noted that the agreement provides that the plaintiff agreed to accept the sum of $10,500 from the defendant “in full payment and settlement of any and all property rights of the parties, and all rights, past, present, and future, to alimony, support and maintenance-.” The plaintiff thereby waived whatever rights she might have in and to any future award for alimony or support and maintenance and furthermore, she Avaived and settled any and all property rights which
 
 *40
 
 she might have had. The agreement reflects that the parties were married July 21, 1951, and that the defendant, a medical doctor, went to school during most of the time of the parties’ marriage. As we view it, the note is a separate and distinct document and can and does stand by itself. The mere fact that the agreement refers to the note does not, in our opinion, make the note any the less enforceable or effective. The note was not given as evidence of any alimony or support and maintenance obligations, but as heretofore clearly shown, was in lieu of alimony and in settlement of whatever the property rights might be.
 

 Appellant insists that under the Nevada law, the remarriage of the plaintiff cancelled the entire obligation. Nevada Revised Statutes, section 125.150 subdivision 3, reads as follows:
 

 “In the event of the death of either party or the subsequent remarriage of the wife, all alimony awarded by the decree shall cease, unless it has been otherwise ordered by the court. ’ ’
 

 Civil Code of California, section 139, reads in part as follows:
 

 “ . . . Except as otherwise agreed by the parties in writing, the obligation of any party in any decree, judgment or order for the support and maintenance of the other party shall terminate upon the death of the obligor or upon the remarriage of the other party.”
 

 ■ In a proper case the statutes might be of some benefit to the defendant, but here, as heretofore indicated, the note was not an alimony payment in the sense referred to in the statute. There was no language in either the agreement or the note to the effect that the sum of $10,500 was in payment of alimony or that the wife accepted said sum as alimony. The Nevada decree in fact did not award alimony to the plaintiff.
 

 The appellant further asserts that the evidence shows that the note was given as evidence of the alimony obligation and was not in payment of that duty and then cites:
 
 Dellapiazza
 
 v.
 
 Foley,
 
 112 Cal. 380, 386 [44 P. 727] ;
 
 Woodhead Lumber Co.
 
 v.
 
 E. G. Nieman Investments,
 
 132 Cal.App. 115, 117 [22 P.2d 252];
 
 Weger
 
 v.
 
 Rocha,
 
 138 Cal.App. 109, 117 [32 P.2d 417] ;
 
 Hollypark Realty Co.
 
 v.
 
 MacLoane,
 
 163 Cal.App.2d 549, 552 [329 P.2d 532], to support his position. These cases stand for the proposition that:
 
 *41
 
 the facts are such as to compel that inference.
 
 (Dellapiazza
 
 v.
 
 Foley,
 
 112 Cal. 380, 386 [44 P. 727];
 
 Woodhead Lumber Co.
 
 v.
 
 E. G. Nieman Investments,
 
 132 Cal.App. 115, 117 [22 P.2d 252
 
 ] Weger
 
 v.
 
 Rocha,
 
 138 Cal.App. 109, 117 [32 P.2d 417] ; 38 Cal.Jur.2d 256-257; 40 Am.Jur. 775-777.) Here the evidence clearly shows that the note was not given in payment of the obligation but only as evidence of it.”
 
 (Holly park Realty Co.
 
 v.
 
 MacLoane, supra.)
 

 
 *40
 
 “A note given which evidences an antecedent or contemporaneous obligation is not payment of that obligation unless the parties expressly agree that it shall be taken in payment or
 

 
 *41
 
 In the eases cited the evidence clearly shows that the note was not given in payment of the obligation but only as evidence of it. In the case before us, the trial court found, upon ample evidence that the note was given in payment of the obligations, so to speak; that is, in lieu of alimony, support and maintenance and in consideration of respondent’s property rights—past, present and future. The findings of fact of the court are justified from the evidence and support the conclusions of law deduced therefrom by the trial court.
 

 The judgment is affirmed.
 

 Wood, P. J., and Lillie, J., concurred.