[S. F. No. 8074. Department One.—November 20, 1917.]

## JOHN GRAY, Respondent, v. JENNIE B. HUFFAKER et al., Appellants.

HUSBAND AND WIFE — MONEY HAD AND RECEIVED — TRUST FUNDS EXPENDED BY HUSBAND TO PAY MORTGAGE ON WIFE'S SEPARATE PROPERTY—LIABILITY OF WIFE.—Where a husband, who held money of a third person in trust, appropriated and used, with his wife's knowledge and consent, some portion of it in paying off an existing mortgage on her separate property, the wife received a benefit from the third person's money to the same extent as if she herself had received the money and applied it to pay the mortgage debt, and the plaintiff whose money was so appropriated was entitled to judgment

in an action for money had and received, against the husband and wife, for the money appropriated, with interest from the time of such appropriation.

APPEAL from a judgment of the Superior Court of Alameda County. W. H. Thomas, Judge.

The facts are stated in the opinion of the court.

E. Huffaker, and Rudolph Hatfield, for Appellants.

John L. McVey, for Respondent.

SHAW, J.—Plaintiff recovered judgment for $1,149.20 upon a complaint against the defendants for money had and received to his use. The defendants appeal.

The two defendants are husband and wife. Prior to the transaction in question they had borrowed two thousand three hundred dollars of a bank, upon their promissory note, executed by both, secured by a mortgage upon the separate property of the wife. Seven hundred dollars of this money was used to improve the wife's property, and the remainder was appropriated by the husband to his own use with the wife's consent. The wife repaid out of her own funds the seven hundred dollars applied upon her property. Thereafter the husband paid the remainder due upon the mortgage upon the wife's property. In doing so he used $836.85 of money in his possession belonging to the plaintiff, John Gray, and held by said Huffaker in trust for Gray. The testimony of the wife, although vague and evasive, authorized a finding by the court that she knew that the money so used by her husband in discharge of the mortgage was the money of Gray and was held by her husband in trust for Gray.

Upon these facts the plaintiff was entitled to judgment for the money of Gray so appropriated to the use of the defendants, with interest from the time of such appropriation. There is no serious dispute over the proposition that the evidence established all of the aforesaid facts except the knowledge of the wife concerning the trust money. While, as we have said, the evidence of the wife is not entirely satisfactory on the point, it is sufficient to support the finding on that subject. There is no force in the claim that the money was

not applied to the use and benefit of the wife. The mortgage was an existing lien on her property. Gray's money was used to discharge it, with her knowledge and consent. She received a benefit from his money to the same extent as if she herself had received the money and had applied it to pay the mortgage debt. (*Standish* v. *Babcock*, 52 N. J. Eq. 628, [29 Atl. 327] ; 2 Beach on Trusts, sec. 707.). There are no other points that require notice.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.